# Exhibit C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NO: 268116 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Gary S. Brotman | | |
| FIRM NAME: Marquee Law Group, A.P.C. | | |
| STREET ADDRESS: 9100 Wilshire Blvd., Suite 445 East Tower | | |
| CITY: Beverly Hills STATE: CA ZIP CODE: 90212 | | |
| TELEPHONE NO: 310-275-1844 FAX NO: 310-275-1801 | | |
| E-MAIL ADDRESS: gary@marqueelaw.com | | |
| ATTORNEY FOR (Name): Geary Sha | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco | |
|---|---|
| STREET ADDRESS: 400 McAllister Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Francisco, CA 94102 | |
| BRANCH NAME: Civic Center Courthouse | |

Plaintiff/Petitioner: Geary Sha

Defendant/Respondent: Aircraft Service International, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-23-606989 |
|---|---|

TO *(insert name of party being served):* Tracy Aguilar

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6/14/2023

Gary S. Brotman
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.

2. ☒ Other *(specify):*

CIVIL CASE COVER SHEET; ADR INFORMATION
PACKAGE; AND NOTICE AND ACKNOWLEDGEMENT OF RECEIPT - CIVIL

*(To be completed by recipient):*

Date this form is signed:

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Gary S. Brotman (Cal. Bar: 321957)
MARQUEE LAW GROUP, A Professional Corporation
9100 Wilshire Boulevard, Suite 445 East Tower
Beverly Hills, California 90212

TELEPHONE NO.: (310) 275-1844     FAX NO. *(Optional):*    (310) 275-1801
E-MAIL ADDRESS: gary@marqueelaw.com
ATTORNEY FOR *(Name):*    Geary Sha

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Geary Sha vs. Aircraft Service International, Inc., et al.

FOR COURT USE ONLY

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

06/09/2023
Clerk of the Court
BY: MARK UDAN
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-23-606989 |
|---|---|---|
| ✓ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✓ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 8, 2023

Gary S. Brotman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

Page 60

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

For your protection and privacy, please press the Clear

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Aircraft Service International, Inc., a Delaware corporation; Menzies Aviation (USA), Inc., a Delaware corporation; Tracy Aguilar, an individual; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Geary Sha, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  **Civic Center Courthouse**<br>400 McAllister St<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC-23-606989** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary S. Brotman (SBN 287726), Marquee Law Group, A.P.C. 9100 Wilshire Blvd. Ste. 445 East Tower, Beverly Hills, CA 90212; (310) 275-1844

| DATE:<br>*(Fecha)* **06/13/2023** | Clerk, by<br>*(Secretario)* | **MARK UDAN** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear

F. Shawn Azizollahi (SBN 268116)
shawn@marqueelaw.com
Gary Brotman (SBN 287726)
gary@marqueelaw.com
MARQUEE LAW GROUP, A Professional Corporation
9100 Wilshire Boulevard, Suite 445 East Tower
Beverly Hills, California 90212
(310) 275-1844 telephone
(310) 275-1801 fax

Attorneys for Plaintiff
Geary Sha

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*
**06/09/2023**
**Clerk of the Court**
**BY: MARK UDAN**
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GEARY SHA, an individual; | Case No.: **CGC-23-606989** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | |
| AIRCRAFT SERVICE INTERNATIONAL, INC., a Delaware corporation; MENZIES AVIATION (USA), INC. a Delaware corporation; TRACY AGUILAR, an individual; and DOES 1 through 50, inclusive. | 1. **Disability Discrimination in Violation of Cal. Gov. Code Section 12900 et seq.;** <br> 2. **Harassment and Hostile Work Environment in Violation of Cal. Gov. Code Section 12900 et seq.;** <br> 3. **Failure to Prevent Discrimination and Harassment in Violation of Cal. Gov. Code Section 12900 et seq.;** |
| Defendants. | 4. **Retaliation in Violation of Cal. Gov. Code Section 12900 et seq.;** <br> 5. **Wrongful Termination In Violation of Public Policy (Count I); and** <br> 6. **Wrongful Termination In Violation of Public Policy (Count II).** |

-1-

Plaintiff alleges:

## PARTIES

1. Plaintiff, Geary Sha ("Plaintiff" herein), is, and at all relevant times was, a resident of Vallejo, California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant Aircraft Service International, Inc. ("ASI") is, and at all relevant times was, a corporation organized and existing under the laws of the state of Delaware, qualified to do business in the state of California, with its principal place of business located at 3500 William D Tate Avenue, Suite 200, Grapevine, Texas 76051.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant Menzies Aviation (USA), Inc. ("Menzies") is, and at all relevant times was, a corporation organized and existing under the laws of the state of Delaware, qualified to do business in the state of California, with its principal place of business located at 4900 Diplomacy Road, Fort Worth, Texas 76155.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant Tracy Aguilar is, and at all relevant times was, a resident of San Francisco, California. At all relevant times, Aguilar was the Human Resources Manager for Menzies Aviation who controlled the work conditions for Plaintiff.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when ascertained. Plaintiff is informed and believes, and based thereon allege, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by said defendants. (ASI, Menzies, and DOES 1 through 50 shall collectively herein be referred to as "Defendants").

6. At all relevant times herein, Defendants employed Plaintiff, within the meaning of California Government Code § 12926(d). Plaintiff was employed by Defendants and worked at Defendant's office located at 730 North McDonnell Road, San Francisco, CA 94128 until, as

1  alleged herein, Plaintiff's employment was terminated on or about January 3, 2023 for unlawful
2  reasons in violation of the California Fair Employment and Housing Act ("FEHA," California
3  Government Code § 12900 et seq.) and in violation of California public policy.

4      7.     Unless otherwise alleged in this Complaint, Plaintiff is informed and believes, and
5  based thereon alleges, that each of the Defendants sued herein was, at all relevant times hereto,
6  the employer, owner, principal, franchisee, proxy, agent, employee, supervisor, representative,
7  manager, managing agent, joint employer, and/or alter ego of the remaining Defendants, and was
8  acting, at least in part, within the course and scope of such employment and agency, with express
9  and implied permission, consent, and knowledge. The above Defendants, managing agents, and
10  supervisors aided, abetted, condoned, permitted, willfully ignored, approved, authorized, and/or
11  ratified the unlawful acts described herein, and each and every one of the acts and omissions
12  alleged herein were performed by, and/or are attributable to all Defendants.

14  ## JURISDICTION

15      8.     Plaintiff is informed and believes, and based thereon alleges, that at all times
16  herein mentioned, Defendants, and each of them, were doing business in the State of California
17  such that the exercise of jurisdiction by this Court would not be inconsistent with the
18  Constitution of the State of California and/or the United States of America.

19      9.     This Court has jurisdiction over this action pursuant to California Code of Civil
20  Procedure Section 410.10.

21      10.    The total amount in controversy for claims of Plaintiff is more than Twenty-Five
22  Thousand Dollars ($25,000). In addition, Plaintiff asserts no claims under federal law, with all
23  causes of action named herein being based exclusively under California law.

25  ## VENUE

26      11.    Plaintiff is informed and believes, and based thereon alleges, that venue is proper
27  in San Francisco County because Defendants, and each of them, have conducted business within

the County of San Francisco and a substantial portion of the wrongful acts complained of occurred therein.

## GENERAL ALLEGATIONS

12.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

*Plaintiff's Employment:*

13.     Defendants employed Plaintiff from on or about May 29, 2018 until on or about January 3, 2023 (the "Employment Period").

14.     ASI is a flight support company which provides a wide array of services to commercial aircraft. ASI offers refueling services to aircraft on the ground as well as ground handling services including baggage and cargo handling and transfer services. ASI is also responsible for providing cabin and lounge cleaning as well as jetway de-icing services. ASI operates around the country and beyond.

15.     Similarly, Menzies, in conjunction with ASI, provides ground, fueling, and cargo services to commercial aircraft. In or about 2017, Menzies acquired ASI, who now operates in California under the fictitious business name Menzies aviation. At all relevant times herein, both Menzies and ASI jointly managed and controlled Plaintiff's wages, hours, work schedule, and work conditions.

16.     Plaintiff was a hard-working and successful Operations/General Manager, who carried out his duties effectively and was excited to work for Defendants. That is, until Defendants turned against Plaintiff when he suffered from a temporary disability and required several months of medical leave.

*Plaintiff's Protected Status:*

17.     Plaintiff is a 36-year-old male who suffered from a temporary physical disability. Plaintiff had to have two heart valve surgeries and suffered complications from the first, including a stroke that temporarily disabled Plaintiff's right side of the body. Plaintiff went out on medical leave for several months to recover and was ultimately wrongfully terminated for

-4-
COMPLAINT

discriminatory and retaliatory reasons, i.e., for belonging to a protected class and for engaging in protected activities. Consequently, Plaintiff is a protected employee, as defined under California Law. (See. Cal. Gov't Code § 12940, *et seq*.).

**Plaintiff's Job Performance:**

18.     Plaintiff was an exemplary employee of Defendants throughout the entirety of the Employment Period. Plaintiff never received any negative performance evaluations and was promoted to his managerial position with ease.

**Defendants' Harassing, Discriminatory, and Retaliatory Conduct:**

19.     In or about February 2022, Plaintiff requested and received approval from Defendants for a medical leave of absence pursuant to the Family Care Medical Leave Act ("FMLA") because Plaintiff needed to have heart valve surgery. Plaintiff's FMLA leave was approved from February 11, 2022 through May 7, 2022. Because of Plaintiff's condition, he had scheduled heart surgery for on or about February 11, 2022 and anticipated about one month for recovery time, assuming the procedure was successful.

20.     Unfortunately, Plaintiff suffered complications during this first surgery and nearly lost his life during the procedure. The day after this surgery, on or about February 12, 2022, Plaintiff was transferred to a different hospital to properly perform the heart valve surgery and correct complications from the first surgery. As a result of the first surgery completely shutting the left valve of Plaintiff's heart and cutting off the blood supply to that portion of his heart, Plaintiff received a Left Ventricular Assisting Device ("LVAD") during this second procedure which would open and shut the valve on the left side of Plaintiff's heart properly.

21.     Further, due to the complications from the first surgery resulting in a lack of blood flow in Plaintiff's heart, Plaintiff suffered a stroke which disabled the right side of his body. Plaintiff was temporarily unable to move his right arm and right leg; he could not walk nor write. Plaintiff notified Defendants of his condition and his FMLA leave was extended until on or about May 7, 2022.

22.     On or about April 7, 2022 Plaintiff was seen by his doctor who extended Plaintiff's medical leave to absence through September 19, 2022. He was prescribed the use of a

1   cane or wheelchair during this time as he continued his physical therapy and recovery. A human
2   resources representative from Defendants, Tracy Aguilera, responded to Plaintiff's new request
3   to extent his medical leave stating, "I'm glad to hear you are doing well." On April 14, 2022
4   Plaintiff received approval of his request for extended medical leave from Defendant's Leave of
5   Absence/Return to Work Specialist Patricia Gibson.

6       23.    Just before Plaintiff was set to return on September 20, 2022, Plaintiff's doctors
7   discovered that Plaintiff's heart had made an unexpected recovery. Plaintiff's heart began to
8   function properly and no longer needed the LVAD. Thus, Plaintiff's doctors informed him that
9   the LVAD needed to be removed and provided him with a new doctor's note requesting one last
10  extension to his medical leave through December 19, 2022, in order for Plaintiff to have one
11  final procedure to remove the LVAD. Plaintiff's doctors scheduled the surgery in or about
12  October 2022 to remove the device and extended Plaintiff's leave until December 19, 2022.
13  Plaintiff's requested extension was once again approved by Defendants.

14      24.    On or about December 20, 2022, Plaintiff drove into work, excited that he was
15  able to continue working and that his heart had recovered, only to receive a phone call from
16  Defendants' human resources manager Tracy Aguilar ("Aguilar"), who told Plaintiff, for the first
17  time, that his position had been eliminated during his leave and that he would no longer be
18  General Manager. Plaintiff was in complete shock and disbelief. He asked what he was supposed
19  to do, and Aguilar responded by telling Plaintiff he could come back to an entry level job as an
20  aircraft fueler or cargo handler. Plaintiff would have to go from a salaried position making over
21  $100,000 per year, to an hourly role making less than $20.00 per hour. Plaintiff felt that these job
22  offers were a slap in the face as he would have to come back to a position making less than half
23  of his old hourly rate and be managed by the team members he used to manage before taking
24  medical leave.

25      25.    Plaintiff told Aguilar that financially he could not accept an entry level position
26  and that he wanted to come back in a managerial role comparable to the Operations/General
27  Manager role Plaintiff held prior to going on medical leave. Aguilar told Plaintiff that he had
28  until on or about December 23, 2022 to accept one of those positions and if he did not then

Aguilar would terminate Plaintiff's employment as a "voluntary resignation." Plaintiff reiterated he was not resigning, and again asked to return to his old role or a comparable managerial role in another department.

26.     Plaintiff had a meeting with Aguilar on December 23, 2022. Aguilar sent a recap email that same day reiterating that Plaintiff had stated he financially cannot accept the entry level positions offered to him. Aguilar set up a "final meeting" with Plaintiff for December 28, 2022 for him to "reconsider accepting one of the positions being offered." Aguilar further informed Plaintiff that "If you do not attend the meeting, I will then accept your voluntary resignation."

27.     Plaintiff met with Aguilar again on December 28, 2022, where he maintained that he deserved to comeback to a comparable role and reiterated that he would not resign. Aguilar then sent Plaintiff an email stating that Plaintiff verbally refused the entry-level positions offered to him again. Aguilar then listed four (4) managerial positions within Menzies and/or ASI, but each position was out of state (Illinois, Toronto, or Texas), and Defendants informed Plaintiff that "there are no relocation funds available." Moreover, the positions were not simply offered to Plaintiff, but he was told by Aguilar that he would need to apply and interview for any position he was interested in. Aguilar gave Plaintiff two (2) days to make a decision and concluded her email by stating "Failure to respond, I will accept this as your voluntary resignation."

28.     On or about December 29, 2022, Plaintiff emailed Aguilar stating that he needed more than two (2) days to consider relocating his entire family to another state, and again stated "I do not resign or voluntarily resign, and it feels threaten when you say this (*sic*)."

29.     Aguilar would respond via email this very same day once again stating that Plaintiff had refused the entry-level jobs in San Francisco, and that she had offered him some managerial positions for which he would "have [to] interview and be considered, if [he] qualif[ies]." Aguilar gave Plaintiff until January 3, 2023 to make a decision, and told Plaintiff that if he did not accept one of the entry level jobs in San Francisco by January 3, 2023 then she would "have no choice but to terminate [Plaintiff's] employment as a voluntary resignation/refused worked (*sic*)."

30.     On or about January 3, 2023, Plaintiff sent Aguilar an email saying that he could not apply for the out of state jobs as he could not move his family across (or out of) the country, and that he could not financially take the entry level laborer jobs offered in San Francisco since it would cut his pay in half. Yet again, Plaintiff stated that he was not resigning and that he felt that Aguilar was forcing Plaintiff to take these jobs menial jobs and/or resign and was being treated this way because of his medical leave. Aguilar responded the same day, and instead of addressing Plaintiff's concerns of disparate treatment or attempting to help Plaintiff, Aguilar sent Plaintiff a change in status form wrongfully terminating his employment. Aguilar selected that Plaintiff voluntarily resigned and refused work on the change of status form.

*Exhaustion of Administrative Remedies:*

31.     At all applicable times mentioned herein, Defendants regularly employed five or more persons in California, bringing Defendants subject to the provisions of the Fair Employment and Housing Act ("FEHA").

32.     Plaintiff has adequately exhausted all of his administrative remedies under the FEHA and obtained a valid "right to sue" letter against Defendants from the Department of Fair Employment and Housing.

**FIRST CAUSE OF ACTION**

(Disability Discrimination in Violation of Cal. Gov. Code Section 12900 et seq.

by Plaintiff Against ASI, Menzies, and Does 1-50)

33.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

34.     There existed an employer-employee relationship between Plaintiff and Defendants during the Employment Period and, at all times herein, Plaintiff was duly qualified and performed her employment duties in a satisfactory manner.

35.     Because FEHA requires only a "limitation" on a major life activity, evidence of a temporary or short-term impairment qualifies an employee as disabled under FEHA, thereby

1  affording said employee the protections provided to disabled persons under FEHA. (*Diaz v. Fed.*
2  *Express Corp.,* (2005) 373 F.Supp.2d 1034, 1051-1052).

3  36.     Plaintiff suffered from a physical disability and is a member of a protected class
4  within the meaning of FEHA and is entitled to its guarantees of full and equal access to
5  employment.

6  37.     It is unlawful for an employer to discriminate against an employee based on the
7  employee's "race, religious creed, color, national origin, ancestry, physical disability, mental
8  disability, medical condition, genetic information, marital status, sex, gender, gender identity,
9  gender expression, age, sexual orientation, or military and veteran status of any person" or to
10 "discharge the person from employment… or to discriminate against the person in compensation
11 or in terms, conditions, or privileges of employment." (Cal. Gov't Code § 12940(a)).

12 38.     Plaintiff was, at all times herein, an "employee" covered by California
13 Government Code § 12900 et seq.

14 39.     Defendants were at all relevant times hereto "employers" within the meaning of
15 California Government Code § 12900 et seq.

16 40.     Plaintiff's physical disability and/or other characteristics protected by FEHA were
17 motivating factors in Defendant's adverse treatment of Plaintiff, as set forth in detail herein
18 above.

19 41.     Plaintiff has performed competently and has gone above and beyond in his
20 position, has suffered an adverse employment action, and the circumstances give rise to the
21 discriminatory conduct from Defendants.

22 42.     As alleged herein above, Plaintiff suffered from a physical disability that resulted
23 in several heart surgeries and a stroke that disabled the right side of his body. Plaintiff would
24 suffer from surgical complications which resulted in his medical leave being extended through
25 December 2022. Upon attempting to return to work in December 2022, Defendants informed
26 Plaintiff, for the first time, that his position had been eliminated while he was out on medical
27 leave. Defendants then offered Plaintiff entry level laborer positions with a pay cut of over 50%,
28 or managerial positions out of state for which Plaintiff would have to apply and interview for,

and no relocation fees would be provided. Defendants told Plaintiff that if he refused to accept one of these positions then they would terminate his employment, and that is exactly what they did. On January 3, 2023, Defendants sent Plaintiff a change of status form wrongfully contending that Plaintiff had voluntarily resigned and refused work, thereby terminating his employment.

43. Defendants' conduct as alleged herein violated FEHA and Defendants committed unlawful employment practices, including, without limitation, discriminating against Plaintiff by materially affecting the terms and conditions of his employment, in whole or in part on the basis of Plaintiff's mental disability in violation of California Government Code § 12900 et seq.

44. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, emotional distress, and physical and mental pain and anguish all to his damage in a sum according to proof at the time of trial.

45. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to Government Code § 12965(b). Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof at the time of trial.

46. Defendants' conduct was willful, knowing, malicious, intentional, and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

## SECOND CAUSE OF ACTION

(Harassment and Hostile Work Environment in Violation of Cal. Gov. Code Section 12900 et seq. by Plaintiff Against Defendants and Does 1-50)

47. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

48.     There existed an employer-employee relationship between Plaintiff and Defendants during the Employment Period and, at all times herein, Plaintiff was duly qualified and performed her employment duties in a satisfactory manner.

49.     Plaintiff suffered from a disability during the Employment Period and was a member of a protected class within the meaning of the FEHA and is entitled to its guarantees of full and equal access to employment.

50.     It is unlawful for an employer to harass an employee based on the employee's "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person." Harassment of an employee "shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. (Cal. Gov't Code § 12940(j)). Even discriminatory personnel/management decisions of the employer can provide the basis for a harassment or hostile work environment claim. (*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686, 707; See also *Miller v. Department of Corrections* (2005) 36 Cal.4th 446.)

51.     Plaintiff was at all times herein an "employee" covered by Cal. Gov. Code § 12900 et seq. Defendants were at all relevant times hereto "employers" within the meaning of Cal. Gov. Code § 12900 et seq.

52.     Plaintiff's disability and/or other characteristics protected by FEHA were motivating factors in Defendant's adverse treatment of Plaintiff.

53.     As described herein above, during Plaintiff's employment, Defendants, and each of them and/or their agents or employees engaged in a pattern and practice of unlawful harassment in violation of FEHA. Defendants harassed Plaintiff via the actions of Aguilar, who acting in her capacity as an agent and employee of ASI and Menzies, repeatedly (i) sought to obstruct Plaintiff's return to work, (ii) continually threatened Plaintiff with his "voluntary resignation" despite multiple written statements from Plaintiff that he would not resign, (iii) gave Plaintiff unrealistic deadlines for which to decide whether to take over a 50% pay cut or relocate

his family across or to another country, (iv) ignored and failed to investigate Plaintiff's claim of disparate treatment based upon his disability/medical leave, and (v) instead responded by terminating Plaintiff's employment.

54. The harassment and hostile work environment as alleged herein was such that a reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, and/or abusive.

55. Defendants knew or should have known of Aguilar's conduct but continued to allow her to continue to harass, threaten, belittle, and humiliate Plaintiff without any disciplinary action, thereby creating a hostile, intimidating, offensive, oppressive, and abusive work environment.

56. As a direct, foreseeable, and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer aggravation of her injuries, substantial losses in earnings, benefits, humiliation, emotional distress, and physical and mental pain and anguish all to her damage in a sum according to proof at the time of trial.

57. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to Cal. Gov. Code § 12965(b). Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof at the time of trial.

58. Defendant's conduct was willful, knowing malicious intentional, and done in reckless disregard of the damaging consequences to Plaintiff. Defendant's conduct evidences a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION

(Failure to Prevent Discrimination and Harassment in Violation of Cal. Gov. Code Section 12900 et seq. by Plaintiff Against ASI, Menzies, and Does 1-50)

59. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

60.    At all relevant times, there existed an employer-employee relationship between Plaintiff and Defendants.

61.    At all relevant times, Defendants were employers who regularly employed five or more persons within the meaning of California Government Code § 12900 et seq.

62.    At all applicable times herein, Gov. Code § 12900 et seq. was in full force and effect and binding on Defendants.

63.    California law requires that employers take reasonable steps to prevent and correct wrongful behavior, including, but not limited to, harassing and discriminatory behavior. (*See* Gov. Code § 12940(k)) (In it unlawful "For an employer… to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.")). Pursuant to this statute, Defendants were required to take all reasonable steps to prevent discrimination and harassment against Plaintiff based on Plaintiff's disability and/or other protected characteristics.

64.    As alleged herein above, throughout the Employment Period, Defendants failed to prevent Defendants and their agents, supervisors, employees, and others from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's protected status (i.e., disability). Plaintiff complained of the disparate treatment he suffered due to his disability/request for medical leave. Rather than investigate and/or remediate the matter, Defendants responded via the wrongful termination of his employment.

65.    Plaintiff is informed and believes, and based thereon alleges, that his disability and/or other characteristics protected by FEHA were substantial motivating factors in Defendants' adverse treatment of Plaintiff. Despite knowing its legal obligations, Defendants did nothing to prevent the rampant discrimination and harassment that Plaintiff suffered.

66.    Defendants knew, or reasonably should have known of the other Defendants and their agents, supervisors and employees' unlawful discrimination of Plaintiff, and that Defendants should have restrained such other Defendants from engaging in such conduct.

67.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job

benefits, humiliation, emotional distress, and physical and mental pain and anguish all to his damage in a sum according to proof at the time of trial.

68.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to Government Code § 12965(b). Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof at the time of trial.

69.     Defendants' conduct was willful, knowing, malicious, intentional, and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

## FOURTH CAUSE OF ACTION

(Retaliation in Violation of Cal. Gov. Code Section 12900 et seq. by Plaintiff

Against ASI, Menzies, and Does 1-50)

70.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

71.     At all relevant times, there existed an employer-employee relationship between Plaintiff and Defendants.

72.     At all relevant times, Defendants were employers who regularly employed five or more persons within the meaning of California Government Code § 12900 et seq.

73.     At all applicable times herein, Gov. Code § 12900 et seq. was in full force and effect and binding on Defendants.

74.     California Government Code § 12940(h) provides that it is unlawful to retaliate against a person "because the person has opposed any practices forbidden under [Government Code Sections 12900-12966]". It is also unlawful to retaliate or otherwise discriminate against a person for requesting an accommodation for disability, regardless of whether the accommodation was granted. (*See* Cal. Gov't Code § 12940(m)(2)).

75.     As alleged herein above, Plaintiff requested a medical leave of absence pursuant to the FMLA in or about February 2022 for him to obtain a necessary heart surgery. Plaintiff

would suffer from surgical complications which resulted in his medical leave being extended through December 2022. Upon attempting to return to work in December 2022, Defendants retaliated against Plaintiff for his extended medical leave by informing him, for the first time, that his position had been eliminated while he was out on medical leave. Defendants then offered Plaintiff entry level laborer positions with a pay cut of over 50%, or managerial positions out of state for which Plaintiff would have to apply and interview for, and no relocation fees would be provided. Defendants told Plaintiff that if he refused to accept one of these positions then they would terminate his employment, and that is exactly what they did. On January 3, 2023, Defendants committed their final retaliatory act via the wrongful termination of his employment.

76. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, emotional distress, and physical and mental pain and anguish all to his damage in a sum according to proof at the time of trial.

77. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to Government Code § 12965(b). Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof at the time of trial.

78. Defendants' conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

## FIFTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy (Count I) By Plaintiff Against ASI, Menzies, and Does 1-50)

79. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

80. At all relevant times herein, there existed an employer-employee relationship between Plaintiff and Defendants during the Employment Period.

81.     At all relevant times herein, Plaintiff was duly qualified and performed his employment duties in a satisfactory manner.

82.     At all relevant times to this action, Government Code § 12900 et seq. was in full force and effect and was binding upon Defendants. Government Code § 12900 et seq. prohibits an employer from retaliating against employees who request a disability related accommodation. (Cal. Gov't Code § 12900(m)(2)). Government Code § 12900 et seq. evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

83.     Plaintiff's requests for and use of FMLA leave and extended medical leave were substantial motivating reasons for Defendants' decision to terminate Plaintiff's employment.

84.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other job benefits, and will for a period of time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

85.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an amount more than the jurisdictional limits of this Court.

86.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' (including employees, officers, directors, and/or managing agents of Defendants) conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof.

87.     Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the

prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well as by and through its officers, directors, and/or managing agents.

## **SIXTH CAUSE OF ACTION**

(Wrongful Termination in Violation of Public Policy (Count II)

by Plaintiff Against ASI, Menzies, and Does 1-50)

88.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

89.     At all relevant times herein, there existed an employer-employee relationship between Plaintiff and Defendants during the Employment Period.

90.     At all relevant times herein, Plaintiff was duly qualified and performed his employment duties in a satisfactory manner.

91.     At all applicable times herein, California Government Code § 12900 et seq. and California Constitution Art I., § 8 were in full force and effect and binding on Defendants.

92.     Defendants' termination of Plaintiff was in violation of fundamental public policies, articulated in Government Code § 12900 et seq. and Article I, § 8 of the California Constitution. Specifically, that the policy behind the prevention of discrimination protects Plaintiff and the public at large, is substantial and fundamental, was well established at the time of Plaintiff's discharge, and can form the basis of a common law wrongful termination claim. (*Stevenson v. Superior Court (Huntington Mem. Hosp.)*, (1997) 16 Cal.4th 880, 889; *Phillips v. St. Mary Regional Medical Center*, (2002) 96 Cal.App.4th 218, 227).

93.     Plaintiff's disability and/or other protected characteristics were a substantial motivating reason for Defendants' decision to terminate Plaintiff's employment.

94.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other job benefits, and will for a period of time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and

losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

95. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an amount more than the jurisdictional limits of this Court.

96. Plaintiff is informed and believes, and based thereon alleges, that Defendants' (including employees, officers, directors, and/or managing agents of Defendants) conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof.

97. Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well as by and through its officers, directors, and/or managing agents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

### UNDER THE FIRST CAUSE OF ACTION

1. For all compensatory, consequential, general and special damages, subject to proof;

2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

3. For attorney's fees and costs pursuant to Government Code § 12965(b);

4. For interest according to law;

5. For costs of suit incurred herein; and

6. For such other and further relief that the Court determines to be just and proper.

1
2

## UNDER THE SECOND CAUSE OF ACTION

3      1. For all compensatory, consequential, general and special damages, subject to proof;

4      2. For punitive damages in an amount to be determined by the Court to be reasonable

5         under the circumstances of this case;

6      3. For attorney's fees and costs pursuant to Government Code § 12965(b);

7      4. For interest according to law;

8      5. For costs of suit incurred herein; and

9      6. For such other and further relief that the Court determines to be just and proper.

10

11

## UNDER THE THIRD CAUSE OF ACTION

12      1. For all compensatory, consequential, general and special damages, subject to proof;

13      2. For punitive damages in an amount to be determined by the Court to be reasonable

14         under the circumstances of this case;

15      3. For attorney's fees and costs pursuant to Government Code § 12965(b);

16      4. For interest according to law;

17      5. For costs of suit incurred herein; and

18      6. For such other and further relief that the Court determines to be just and proper.

19

20

## UNDER THE FOURTH CAUSE OF ACTION

21      1. For all compensatory, consequential, general and special damages, subject to proof;

22      2. For punitive damages in an amount to be determined by the Court to be reasonable

23         under the circumstances of this case;

24      3. For attorney's fees and costs pursuant to Government Code § 12965(b);

25      4. For interest according to law;

26      5. For costs of suit incurred herein; and

27      6. For such other and further relief that the Court determines to be just and proper.

28

## UNDER THE FIFTH CAUSE OF ACTION

1. For all compensatory, consequential, general and special damages, subject to proof;

2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

3. For interest according to law;

4. For costs of suit incurred herein; and

5. For such other and further relief that the Court determines to be just and proper.

## UNDER THE SIXTH CAUSE OF ACTION

6. For all compensatory, consequential, general and special damages, subject to proof;

7. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

8. For interest according to law;

9. For costs of suit incurred herein; and

10. For such other and further relief that the Court determines to be just and proper.

Dated: June 8, 2023.                    MARQUEE LAW GROUP, APC

By: _____

F. Shawn Azizollahi, Esq.
Gary S. Brotman, Esq.
Attorneys for Plaintiff Geary Sha

//
//
//
//
//
//

-20-
COMPLAINT

Page 82

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable in the Complaint.

Dated: June 8, 2023

MARQUEE LAW GROUP, APC

By: _____

F. Shawn Azizollahi, Esq.
Gary S. Brotman, Esq.
Attorneys for Plaintiff Geary Sha

-21-
COMPLAINT



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

### WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

*   **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
*   **ADR can save money,** including court costs, attorney fees, and expert fees.
*   **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
*   **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

### WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

### 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

#### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869

Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

TELEPHONE NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|
| | **DEPARTMENT 610** |

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process** (describe) _____

**2)** **The parties agree that the ADR Process shall be completed by (date):** _____
**3)** **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: | Dated: |

☐ *Additional signature(s) attached*

ADR-2  10/18                **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

1

**PROOF OF SERVICE**

2

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 9100 Wilshire Boulevard, Suite 445, East Tower, Beverly Hills, California 90212.

3

On June 13, 2023 I served the foregoing document(s) described as:

4

**SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ADR INFORMATION PACKAGE; AND NOTICE AND ACKNOWLEDGEMENT OF RECEIPT - CIVIL**

5

6

on all interested parties in this action by transmitting a true copy of the document(s) described above, addressed as follows:

7

**SEE ATTACHED SERVICE LIST**

8

9

10

(X)    **BY MAIL** as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Beverly Hills, California.

11

12

( )    **BY PERSONAL SERVICE:** I caused to be delivered such envelope by hand to the above addressee(s).

13

14

( )    **BY OVERNIGHT COURIER:** I am "readily familiar" with the firm's practice of collecting and processing overnight deliveries, which includes depositing such packages in a receptacle used exclusively for overnight deliveries. The packages were deposited before the regular pickup time and marked accordingly for delivery the next business day.

15

16

17

18

(X)    **BY ELECTRONIC TRANSMISSION:** Participants in this case were served electronically to the address of the recipient(s) as set forth below. I am readily familiar with the Code of Civil Procedure and California Rules of Court for electronic service and this document/these documents were duly served electronically in accordance with said rules and regulations on the date stated above, and the transmission was reported as complete and without error.

19

20

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 13, 2023 at Beverly Hills, California.

21

22

Cristina Gonzalez

23

24

25

26

27

28

SERVICE LIST:

| Foley & Lardner LLP<br>c/o Kevin Jackson, Esq.<br>11988 El Camino Real, Ste 400<br>San Diego, CA 92130<br>E: *kjackson@foley.com;*<br>*smoreno@foley.com;*<br>*cward@foley.com* | *Attorneys for Defendant MENZIES*<br>*AVIATION (USA), INC. and TRACY*<br>*AGUILAR.* |
|---|---|