# Exhibit G

Gary S. Brotman (SBN 287726)
gary@marqueelaw.com
Diego Gallego Gómez (SBN 337395)
diego@marqueelaw.com
MARQUEE LAW GROUP, A Professional Corporation
9100 Wilshire Boulevard, Suite 445 East Tower
Beverly Hills, California 90212
(310) 275-1844 telephone
(310) 275-1801 fax

Attorney for Plaintiff
GEARY SHA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GEARY SHA, an individual; | Case No.: CGC-23-606989 |
| Plaintiff, | |
| vs. | |
| AIRCRAFT SERVICE INTERNATIONAL, INC., a Delaware corporation; MENZIES AVIATION (USA), INC. a Delaware Corporation; TRACY AGUILAR, an individual; and DOES 1 through 50, inclusive. | **PLAINTIFF GEARY SHA'S RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES, SET ONE.** |
| Defendants. | Complaint filed: June 9, 2023 |

Responding Party:   GEARY SHA

Propounding Party:   AIRCRAFT SERVICE INTERNATIONAL, INC. et al.

Set Number:   One

   Plaintiff Geary Sha hereby responds to the Special Interrogatories (the "Interrogatories") propounded by Defendants Aircraft Service International Inc., Menzies Aviation (USA), Inc., and Tracy Aguilar ("Defendants") as follows:

PLAINTIFF GEARY SHA'S RESPONSES TO DEFENDANTS AIRCRAFT SERVICE
INTERNATIONAL, INC.'S ET AL. SPECIAL INTERROGATORIES (SET ONE)
1

**PRELIMINARY STATEMENT**

These responses to Defendant's Special Interrogatories, Set One, are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) and all such objections and grounds therefore are reserved and may be interposed at the time of trial.

Responding Party has yet to complete investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to the right to produce, at the time of trial, subsequently discovered evidence.

Except for facts explicitly admitted in these responses, no admission of any nature whatsoever is to be implied or inferred. The fact that a response has been given should not be taken as an admission, or a concession of the existence of any facts set forth or assumed by the request, or that such response constitutes evidence of any fact thus set forth or assumed. All responses are to be construed on the basis of present recollection.

**GENERAL OBJECTIONS**

RESPONDING PARTY interposes the following objections to each and every request propounded as follows:

1. RESPONDING PARTY objects to this set of Interrogatories, and to each and every Interrogatory contained therein, to the extent it seeks to impose upon RESPONDING PARTY duties beyond those required by the California Code of Civil Procedure.

2. RESPONDING PARTY objects to this set of Interrogatories, and each and every Interrogatory contained therein, to the extent it seeks information neither relevant to the claims or defenses on file in the present action, nor admissible, nor reasonably calculated to lead to the discovery of admissible evidence.

3. RESPONDING PARTY objects to this set of Interrogatories, and each and every Interrogatory contained therein, to the extent it seeks privileged information, including but not

1  necessarily limited to information encompassed and protected by the attorney-client privilege
2  and/or the attorney work product privilege.
3      4.    RESPONDING PARTY objects to this set of Interrogatories, and each and every
4  Interrogatory contained therein, to the extent it seeks information which constitutes trade secrets,
5  proprietary, or other confidential information.
6      5.    RESPONDING PARTY objects to this set of Interrogatories, and each and every
7  Interrogatory contained therein, to the extent that the burden, expense or intrusiveness of the
8  discovery is not outweighed by the likelihood that the information sought will lead to the
9  discovery of admissible evidence.
10     6.    RESPONDING PARTY objects to this set of Interrogatories, and each and every
11 Interrogatory contained therein, to the extent that the discovery sought is unreasonably
12 cumulative or duplicative of other discovery propounded in this action.
13     7.    RESPONDING PARTY objects to this set of Interrogatories, and each and every
14 Interrogatory contained therein, to the extent that the information sought is (a) in Propounding
15 Party's possession, custody or control, (b) outside RESPONDING PARTY'S possession,
16 custody or control, or (c) equally or more accessible to Propounding Party, as a matter of public
17 record or otherwise.
18     8.    RESPONDING PARTY objects to this set of Interrogatories, and each and every
19 Interrogatory contained therein, to the extent that the information sought is unduly burdensome
20 or expensive in light of the needs of the case and the amount in controversy.
21     9.    RESPONDING PARTY objects to this set of Interrogatories, and each and every
22 Interrogatory contained therein, to the extent that the discovery seeks information that is outside
23 the scope of permissible discovery.
24     10.    RESPONDING PARTY objects to this set of Interrogatories, and each and every
25 Interrogatory contained therein, to the extent it may cause unwarranted annoyance,
26 embarrassment, oppression, or undue burden and expense.
27     11.    RESPONDING PARTY objects to this set of Interrogatories, and each and every
28 Interrogatory contained therein, to the extent it seeks legal or expert conclusions or opinions.

PLAINTIFF GEARY SHA'S RESPONSES TO DEFENDANTS AIRCRAFT SERVICE
INTERNATIONAL, INC.'S ET AL. SPECIAL INTERROGATORIES (SET ONE)
3

1  12. The inadvertent identification, disclosure, or production of any information protected from discovery by the attorney-client privilege, the attorney work product immunity doctrine, or any other privilege or immunity doctrine applicable under law is not intended to be and shall not be construed as a waiver of any applicable privilege or immunity doctrine. RESPONDING PARTY reserves the right to demand the return of any such information so identified, disclosed, or produced, and no affirmative use shall be made by any party of any such information inadvertently identifies, disclosed, or produced.

13. RESPONDING PARTY objects to this set of Interrogatories, and each and every Interrogatory contained therein, to the extent it is overly broad, vague, ambiguous, or otherwise unintelligible.

14. RESPONDING PARTY'S investigation, discovery and preparation for trial is incomplete and will be continuing up to the time of trial in this matter. RESPONDING PARTY has not completed investigation or discovery with respect to all persons who have knowledge or facts upon which the allegations referred to in the requests are based. Accordingly, RESPONDING PARTY will respond to these requests to the extent possible at this time, but each reserves the right to amend or supplement his answers based on further discovery, as well as the right to introduce oral and documentary evidence at any motion or trial of this action which is in addition to or different from the evidence described in these responses.

Without in any way waiving such objections, RESPONDING PARTY responds to the discovery request as follows:

**SPECIAL INTERROGATORY NO. 1:**
Please state the names, addresses and phone numbers of all persons who YOU contend are witnesses to the allegations contained in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**
Objection. RESPONDING PARTY objects to the extent this interrogatory contains subparts and is a compound, conjunctive, and/or disjunctive request. RESPONDING PARTY objects to this interrogatory to the extent that it seeks the contact information of its own

1  employees, which is equally available to the Propounding Party. RESPONDING PARTY objects
2  to this request to the extent that it calls for a legal conclusion. RESPONDING PARTY objects to
3  this discovery to the extent that it seeks to elicit information protected by the attorney/client
4  privilege and the attorney work product doctrine obtained in anticipation of litigation.
5  RESPONDING PARTY objects to this interrogatory to the extent that it calls for information
6  protected by any privilege or constitutional, statutory or common laws. RESPONDING PARTY
7  specifically reserves the right to raise additional objections by way of privilege (whether
8  constitutional, statutory or common law) or otherwise

9      Subject to and without waiving the aforementioned objections, RESPONDING PARTY
10 responds as follows: Rowena Cariola, Tracy Aguilera, Human Resources Manager, 730 N.
11 McDonnell Road, San Francisco, CA 94128, (650) 745-1618; (415) 850-9699.
12     RESPONDING PARTY'S investigation into this matter is still in its preliminary stages
13 and RESPONDING PARTY'S investigation is ongoing. Therefore, RESPONDING PARTY
14 reserves the right to supplement this response at a later date.
15

16 **SPECIAL INTERROGATORY NO. 2:**
17 Please state with particularity the knowledge that each alleged witness to YOUR COMPLAINT
18 has that is in any way relevant to the allegations contained in YOUR COMPLAINT.
19 **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**
20     Objection. RESPONDING PARTY objects to this request to the extent it is over broad,
21 unduly burdensome, oppressive. RESPONDING PARTY objects that this interrogatory calls for
22 information equally, if not more, available to PROPOUNDING PARTY. RESPONDING
23 PARTY objects to this discovery to the extent that it seeks to elicit information protected by the
24 attorney/client privilege and the attorney work product doctrine obtained in anticipation of
25 litigation. RESPONDING PARTY objects to this interrogatory to the extent that it calls for
26 information protected by any privilege or constitutional, statutory or common laws.
27 RESPONDING PARTY specifically reserves the right to raise additional objections by way of
28 privilege (whether constitutional, statutory or common law) or otherwise.

1      Without waiving the aforementioned objections, RESPONDING PARTY responds as
2  follows: Rowena Cariola and Tracy Aguilera have first-hand knowledge regarding
3  RESPONDING PARTY'S requests for medical leave as well as his termination as Aguilera was
4  RESPONDING PARTY'S point of contact and the one who informed RESPONDING PARTY
5  that his leave was approved and that he was terminated. Aguilera was the one who refused to
6  allow RESPONDING PARTY to return to his position, offered RESPONDING PARTY entry-
7  level jobs and who informed him that he could apply to out of state/out of country managerial
8  positions. Lastly, Aguilera is the one who terminated RESPONDING PARTY and classified it as
9  a voluntary resignation despite RESPONDING PARTY'S constant objections that he was not
10 voluntarily resigning.
11     RESPONDING PARTY'S investigation into this matter is still in its preliminary stages
12 and RESPONDING PARTY'S investigation is ongoing. Therefore, RESPONDING PARTY
13 reserves the right to supplement this response at a later date.
14
15 **SPECIAL INTERROGATORY NO. 3:**
16 Please state each and every item of damages that YOU claim YOU suffered by reason of the
17 occurrences that form the subject matter of YOUR COMPLAINT.
18 **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**
19     Objection. Vague and ambiguous as to "damages". RESPONDING PARTY objects to
20 this request to the extent it is over broad, unduly burdensome, oppressive. RESPONDING
21 PARTY objects to the extent this interrogatory contains subparts and is a compound,
22 conjunctive, and/or disjunctive request. RESPONDING PARTY objects to this discovery to the
23 extent that it seeks to elicit information protected by the attorney/client privilege and the attorney
24 work product doctrine obtained in anticipation of litigation. RESPONDING PARTY objects to
25 this interrogatory to the extent this interrogatory violates RESPONDING PARTY'S right of
26 privacy, including financial privacy, which is guaranteed by Article I, Section 1 of the California
27 Constitution. RESPONDING PARTY objects to this interrogatory to the extent that it calls for
28 information protected by any privilege or constitutional, statutory or common laws.

RESPONDING PARTY specifically reserves the right to raise additional objections by way of privilege (whether constitutional, statutory or common law) or otherwise.

Without waiving the aforementioned objections, RESPONDING PARTY responds as follows:

1) Lost past earnings: **$73,192** ($81,000 ($9,000 monthly salary x 9 months (January – September)) – $7,808 YTD earnings at new job).
2) Lost future earnings: **$1,254,000** [($108,000 yearly salary x 33 years = $3,564,000) - $70,000 yearly salary x 33 years = $2,310,000)].
3) Lost future bonuses: **$356,400** (yearly bonus estimated at $10,800 x 33 years).
4) Lost past benefits (medical, dental, vision): Approximately **$13,500** (benefits estimated at $1,500/mon x 9 months to cover RESPONDING PARTY and 3 dependents).
5) Lost future benefits (medical, dental, vision): Approximately **$594,000** (benefits estimated at $1,500/mon x 33 years to cover RESPONDING PARTY and 3 dependents).
6) Punitive damages to punish and deter the malicious, despicable, willful, and wrongful actions taken by Defendants due to the disability discrimination, Defendant's failure to prevent, investigate, and/or remedy the discrimination and retaliation, and wrongful termination;
7) General damages due to the discriminatory and retaliatory actions taken by Defendants as set forth in RESPONDING PARTY'S complaint;
8) Compensation for attorneys' fees and costs under RESPONDING PARTY'S claims for disability discrimination, retaliation, and Defendant's failure to prevent, investigate, and/or remedy the discrimination and retaliation, the amount of which shall be submitted upon completion of the matter in its entirety.

RESPONDING PARTY'S investigation into this matter is still in its preliminary stages and RESPONDING PARTY'S investigation is ongoing. Therefore, RESPONDING PARTY reserves the right to supplement this response at a later date.

PLAINTIFF GEARY SHA'S RESPONSES TO DEFENDANTS AIRCRAFT SERVICE
INTERNATIONAL, INC.'S ET AL. SPECIAL INTERROGATORIES (SET ONE)
7

**SPECIAL INTERROGATORY NO. 4:**

Please IDENTIFY any and all DOCUMENTS that support the existence or amount of any item of damages claimed in Interrogatory No. 3.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Objection. RESPONDING PARTY objects to this request to the extent it is over broad, unduly burdensome, oppressive. RESPONDING PARTY objects to the extent this interrogatory contains subparts and is a compound, conjunctive, and/or disjunctive request. RESPONDING PARTY objects to this discovery to the extent that it seeks to elicit information protected by the attorney/client privilege and the attorney work product doctrine obtained in anticipation of litigation. RESPONDING PARTY objects to this interrogatory to the extent this interrogatory violates RESPONDING PARTY'S right of privacy, including financial privacy, which is guaranteed by Article I, Section 1 of the California Constitution. RESPONDING PARTY objects to this interrogatory to the extent that it calls for information protected by any privilege or constitutional, statutory or common laws. RESPONDING PARTY specifically reserves the right to raise additional objections by way of privilege (whether constitutional, statutory or common law) or otherwise.

Subject to and without waiving the aforementioned objections, RESPONDING PARTY responds as follows: Pursuant to C.C.P. § 2030.230, RESPONDING PARTY refers to documents that have been produced during discovery, particularly RESPONDING PARTY'S termination notice, related communications between Aguilera and RESPONDING PARTY, RESPONDING PARTY'S payroll records and mitigation efforts. See Exhibits A - C.

RESPONDING PARTY'S investigation into this matter is still in its preliminary stages and RESPONDING PARTY'S investigation is ongoing. Therefore, RESPONDING PARTY reserves the right to supplement this response at a later date.

**SPECIAL INTERROGATORY NO. 5:**

Please state the names, addresses and phone numbers of all psychologists, psychoanalysts, and/or psychotherapists that YOU have visited in the last 10 years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Objection. RESPONDING PARTY objects to this request to the extent it is over broad, unduly burdensome, oppressive. RESPONDING PARTY objects to the extent this interrogatory contains subparts and is a compound, conjunctive, and/or disjunctive request. RESPONDING PARTY objects to this interrogatory to the extent that the discovery seeks information that is outside the scope of permissible discovery. RESPONDING PARTY objects to this interrogatory to the extent that it seeks to elicit information protected by the attorney/client privilege and the attorney work product doctrine obtained in anticipation of litigation. RESPONDING PARTY objects to this interrogatory to the extent that it seeks information protected by the right of privacy under Article I, Section 1 of the California Constitution. The constitutional right to privacy also applies to a party's medical records. (*John B. v. Superior Court (Bridget B.,* (2006) 38 Cal.4th 1177, 1198). This interrogatory further violates the physician-patient privilege. RESPONDING PARTY objects to this interrogatory to the extent that it calls for information protected by any privilege or constitutional, statutory or common laws. RESPONDING PARTY specifically reserves the right to raise additional objections by way of privilege (whether constitutional, statutory or common law) or otherwise. Due to the aforementioned objections, RESPONDING PARTY is unable to provide a response.

**SPECIAL INTERROGATORY NO. 6:**

Please IDENTIFY any and all steps YOU have taken to mitigate any damages YOU have allegedly incurred.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Objection. Vague and ambiguous as to "IDENTIFY". RESPONDING PARTY objects to this request to the extent it is over broad, unduly burdensome, oppressive. RESPONDING PARTY objects to this discovery to the extent that it seeks to elicit information protected by the

1  attorney/client privilege and the attorney work product doctrine obtained in anticipation of
2  litigation. RESPONDING PARTY objects to this request to the extent this interrogatory violates
3  RESPONDING PARTY'S right of privacy, including financial privacy, which is guaranteed by
4  Article I, Section 1 of the California Constitution. RESPONDING PARTY objects to this
5  interrogatory to the extent that it calls for information protected by any privilege or
6  constitutional, statutory or common laws. RESPONDING PARTY specifically reserves the right
7  to raise additional objections by way of privilege (whether constitutional, statutory or common
8  law) or otherwise.
9      Subject to and without waiving the aforementioned objections, RESPONDING PARTY
10 responds as follows: Pursuant to C.C.P. § 2030.230, RESPONDING PARTY refers to
11 documents that have been produced during discovery, particularly documents reflecting
12 RESPONDING PARTY'S mitigation efforts. Please see Exhibit C.
13     RESPONDING PARTY'S investigation into this matter is still in its preliminary stages
14 and RESPONDING PARTY'S investigation is ongoing. Therefore, RESPONDING PARTY
15 reserves the right to supplement this response at a later date.
16
17 **SPECIAL INTERROGATORY NO. 7:**
18 Please IDENTIFY all employment positions for which YOU have applied since January 3, 2023.
19 **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**
20     Objection. Vague and ambiguous as to "IDENTIFY". RESPONDING PARTY objects to
21 this request to the extent it is over broad, unduly burdensome, oppressive. RESPONDING
22 PARTY objects to this discovery to the extent that it seeks to elicit information protected by the
23 attorney/client privilege and the attorney work product doctrine obtained in anticipation of
24 litigation. RESPONDING PARTY objects to this request to the extent this interrogatory violates
25 RESPONDING PARTY'S right of privacy, including financial privacy, which is guaranteed by
26 Article I, Section 1 of the California Constitution. RESPONDING PARTY objects to this
27 interrogatory to the extent that it calls for information protected by any privilege or
28 constitutional, statutory or common laws. RESPONDING PARTY specifically reserves the right

1  to raise additional objections by way of privilege (whether constitutional, statutory or common
2  law) or otherwise.
3      Subject to and without waiving the aforementioned objections, RESPONDING PARTY
4  responds as follows: Pursuant to C.C.P. § 2030.230, RESPONDING PARTY refers to
5  documents that have been produced during discovery, particularly documents reflecting
6  RESPONDING PARTY'S mitigation efforts. Please see Exhibit C.
7      RESPONDING PARTY'S investigation into this matter is still in its preliminary stages
8  and RESPONDING PARTY'S investigation is ongoing. Therefore, RESPONDING PARTY
9  reserves the right to supplement this response at a later date.

**SPECIAL INTERROGATORY NO. 8:**

Please IDENTIFY all employment positions YOU have held since January 3, 2023.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Objection. Vague and ambiguous as to "IDENTIFY". RESPONDING PARTY objects to this request to the extent it is over broad, unduly burdensome, oppressive. RESPONDING PARTY objects to this discovery to the extent that it seeks to elicit information protected by the attorney/client privilege and the attorney work product doctrine obtained in anticipation of litigation. RESPONDING PARTY objects to this request to the extent this interrogatory violates RESPONDING PARTY'S right of privacy, including financial privacy, which is guaranteed by Article I, Section 1 of the California Constitution. RESPONDING PARTY objects to this interrogatory to the extent that it calls for information protected by any privilege or constitutional, statutory or common laws. RESPONDING PARTY specifically reserves the right to raise additional objections by way of privilege (whether constitutional, statutory or common law) or otherwise.

Subject to and without waiving the aforementioned objections, RESPONDING PARTY responds as follows: Account Manager for Alliance Ground International.

1  RESPONDING PARTY'S investigation into this matter is still in its preliminary stages
2  and RESPONDING PARTY'S investigation is ongoing. Therefore, RESPONDING PARTY
3  reserves the right to supplement this response at a later date.
4
5  **SPECIAL INTERROGATORY NO. 9:**
6  For each position identified in YOUR response to Interrogatory No. 8, state (a) the date on which
7  YOU were hired, (b) YOUR job position, (c) YOUR hourly wage, and (d) the date on which
8  YOU were terminated or the position ended.
9  **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**
10  Objection. Vague and ambiguous as to "identified". RESPONDING PARTY objects to
11  this request to the extent it is over broad, unduly burdensome, oppressive. RESPONDING
12  PARTY objects to the extent this interrogatory contains subparts and is a compound,
13  conjunctive, and/or disjunctive request. RESPONDING PARTY objects to this discovery to the
14  extent that it seeks to elicit information protected by the attorney/client privilege and the attorney
15  work product doctrine obtained in anticipation of litigation. RESPONDING PARTY objects to
16  this request to the extent this interrogatory violates RESPONDING PARTY'S right of privacy,
17  including financial privacy, which is guaranteed by Article I, Section 1 of the California
18  Constitution. RESPONDING PARTY objects to this interrogatory to the extent that it calls for
19  information protected by any privilege or constitutional, statutory or common laws.
20  RESPONDING PARTY specifically reserves the right to raise additional objections by way of
21  privilege (whether constitutional, statutory or common law) or otherwise.
22  Subject to and without waiving the aforementioned objections, RESPONDING PARTY
23  responds as follows: (a) – (d): July 25, 2023; Account Manager; $70,000/year; still employed.
24  RESPONDING PARTY'S investigation into this matter is still in its preliminary stages
25  and RESPONDING PARTY'S investigation is ongoing. Therefore, RESPONDING PARTY
26  reserves the right to supplement this response at a later date.
27
28

|   |   |   |
|---|---|---|
| 1 |  | MARQUEE LAW GROUP, A.P.C. |
| 2 |  |  |
| 3 |  |  |
| 4 | Date: September 29, 2023 | By: _____ |
| 5 |  | Gary S. Brotman |
|   |  | Attorneys for Plaintiff Geary Sha |

PLAINTIFF GEARY SHA'S RESPONSES TO DEFENDANTS AIRCRAFT SERVICE
INTERNATIONAL, INC.'S ET AL. SPECIAL INTERROGATORIES (SET ONE)
13

Page 112

# VERIFICATION

I am a party to this action, and I have read the foregoing PLAINTIFF GEARY SHA'S RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES, SET ONE and know its contents. The matters stated in said document are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct as of today's date, __9/29/2023_____.

DocuSigned by:
*Geary Sha*
B3DCB671758E436...

GEARY SHA

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 9100 Wilshire Boulevard, Suite 445, East Tower, Beverly Hills, California 90212.

On September 29, 2023 I served the foregoing document(s) described as:

**PLAINTIFF GEARY SHA'S RESPONSES TO DEFENDANTS' SPECIAL INTERROGATORIES, SET ONE.**

on all interested parties in this action by transmitting a true copy of the document(s) described above, addressed as follows:

**SEE ATTACHED SERVICE LIST**

( ) **BY MAIL** as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Beverly Hills, California.

( ) **BY PERSONAL SERVICE:** I caused to be delivered such envelope by hand to the above addressee(s).

( ) **BY OVERNIGHT COURIER:** I am "readily familiar" with the firm's practice of collecting and processing overnight deliveries, which includes depositing such packages in a receptacle used exclusively for overnight deliveries. The packages were deposited before the regular pickup time and marked accordingly for delivery the next business day.

(X) **BY ELECTRONIC TRANSMISSION:** Participants in this case were served electronically to the address of the recipient(s) as set forth below. I am readily familiar with the Code of Civil Procedure and California Rules of Court for electronic service and this document/these documents were duly served electronically in accordance with said rules and regulations on the date stated above, and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 29, 2023 at Beverly Hills, California.

*Kimberly Gomez Garcia*
Kimberly Gomez Garcia

SERVICE LIST:

| FOLEY & LARDNER LLP<br>c/o Christopher Ward, Esq.<br>c/o Kevin Jackson, Esq.<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>E : *cward@foley.com;*<br>*kjackson@foley.com;*<br>*SMoreno@foley.com* | *Attorneys for Defendant AIRCRAFT SERVICE INTERNATIONAL, INC.; MENZIES AVIATION (USA), INC.; and TRACY AGUILAR* |
|---|---|