# Exhibit L

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Aircraft Service International, Inc., a Delaware corporation; Menzies Aviation (USA), Inc., a Delaware corporation; Tracy Aguilar, an individual; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Geary Sha, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse<br>400 McAllister St<br>San Francisco, CA 94102 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>**CGC-23-606989** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Gary S. Brotman (SBN 287726), Marquee Law Group, A.P.C. 9100 Wilshire Blvd. Ste. 445 East Tower, Beverly Hills, CA 90212; (310) 275-1844

| DATE:<br>*(Fecha)* **06/13/2023** | Clerk, by<br>*(Secretario)* **MARK UDAN** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Aircraft Service International Inc., a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*




1  F. Shawn Azizollahi (SBN 268116)
2  shawn@marqueelaw.com
   Gary Brotman (SBN 287726)
3  gary@marqueelaw.com
   MARQUEE LAW GROUP, A Professional Corporation
4  9100 Wilshire Boulevard, Suite 445 East Tower
   Beverly Hills, California 90212
5  (310) 275-1844 telephone
   (310) 275-1801 fax
6
7
   Attorneys for Plaintiff
8  Geary Sha

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**06/09/2023**
**Clerk of the Court**
BY: MARK UDAN
Deputy Clerk

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

**COUNTY OF SAN FRANCISCO**

11

12  | | |
|---|---|
13  GEARY SHA, an individual; | Case No.:      **CGC-23-606989**

GEARY SHA, an individual;                 )   Case No.:          **CGC-23-606989**
                                          )
            Plaintiff,                    )   **COMPLAINT FOR:**
    vs.                                   )
                                          )   1.  **Disability Discrimination in Violation of**
                                          )       **Cal. Gov. Code Section 12900 et seq.;**
AIRCRAFT SERVICE INTERNATIONAL,           )   2.  **Harassment and Hostile Work**
INC., a Delaware corporation; MENZIES     )       **Environment in Violation of Cal. Gov.**
AVIATION (USA), INC. a Delaware           )       **Code Section 12900 et seq.;**
corporation; TRACY AGUILAR, an            )   3.  **Failure to Prevent Discrimination and**
individual; and DOES 1 through 50, inclusive. )   **Harassment in Violation of Cal. Gov.**
                                          )       **Code Section 12900 et seq.;**
            Defendants.                   )   4.  **Retaliation in Violation of Cal. Gov.**
                                          )       **Code Section 12900 et seq.;**
                                          )   5.  **Wrongful Termination In Violation of**
                                          )       **Public Policy (Count I); and**
                                          )   6.  **Wrongful Termination In Violation of**
                                          )       **Public Policy (Count II).**
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )
                                          )

-1-
COMPLAINT

Plaintiff alleges:

## PARTIES

1.  Plaintiff, Geary Sha ("Plaintiff" herein), is, and at all relevant times was, a resident of Vallejo, California.

2.  Plaintiff is informed and believes, and based thereon alleges, that Defendant Aircraft Service International, Inc. ("ASI") is, and at all relevant times was, a corporation organized and existing under the laws of the state of Delaware, qualified to do business in the state of California, with its principal place of business located at 3500 William D Tate Avenue, Suite 200, Grapevine, Texas 76051.

3.  Plaintiff is informed and believes, and based thereon alleges, that Defendant Menzies Aviation (USA), Inc. ("Menzies") is, and at all relevant times was, a corporation organized and existing under the laws of the state of Delaware, qualified to do business in the state of California, with its principal place of business located at 4900 Diplomacy Road, Fort Worth, Texas 76155.

4.  Plaintiff is informed and believes, and based thereon alleges, that Defendant Tracy Aguilar is, and at all relevant times was, a resident of San Francisco, California. At all relevant times, Aguilar was the Human Resources Manager for Menzies Aviation who controlled the work conditions for Plaintiff.

5.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when ascertained. Plaintiff is informed and believes, and based thereon allege, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by said defendants. (ASI, Menzies, and DOES 1 through 50 shall collectively herein be referred to as "Defendants").

6.  At all relevant times herein, Defendants employed Plaintiff, within the meaning of California Government Code § 12926(d). Plaintiff was employed by Defendants and worked at Defendant's office located at 730 North McDonnell Road, San Francisco, CA 94128 until, as

alleged herein, Plaintiff's employment was terminated on or about January 3, 2023 for unlawful reasons in violation of the California Fair Employment and Housing Act ("FEHA," California Government Code § 12900 et seq.) and in violation of California public policy.

7.      Unless otherwise alleged in this Complaint, Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants sued herein was, at all relevant times hereto, the employer, owner, principal, franchisee, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer, and/or alter ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with express and implied permission, consent, and knowledge. The above Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, willfully ignored, approved, authorized, and/or ratified the unlawful acts described herein, and each and every one of the acts and omissions alleged herein were performed by, and/or are attributable to all Defendants.

## JURISDICTION

8.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants, and each of them, were doing business in the State of California such that the exercise of jurisdiction by this Court would not be inconsistent with the Constitution of the State of California and/or the United States of America.

9.      This Court has jurisdiction over this action pursuant to California Code of Civil Procedure Section 410.10.

10.     The total amount in controversy for claims of Plaintiff is more than Twenty-Five Thousand Dollars ($25,000). In addition, Plaintiff asserts no claims under federal law, with all causes of action named herein being based exclusively under California law.

## VENUE

11.     Plaintiff is informed and believes, and based thereon alleges, that venue is proper in San Francisco County because Defendants, and each of them, have conducted business within

the County of San Francisco and a substantial portion of the wrongful acts complained of occurred therein.

## **GENERAL ALLEGATIONS**

12.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

***Plaintiff's Employment:***

13.     Defendants employed Plaintiff from on or about May 29, 2018 until on or about January 3, 2023 (the "Employment Period").

14.     ASI is a flight support company which provides a wide array of services to commercial aircraft. ASI offers refueling services to aircraft on the ground as well as ground handling services including baggage and cargo handling and transfer services. ASI is also responsible for providing cabin and lounge cleaning as well as jetway de-icing services. ASI operates around the country and beyond.

15.     Similarly, Menzies, in conjunction with ASI, provides ground, fueling, and cargo services to commercial aircraft. In or about 2017, Menzies acquired ASI, who now operates in California under the fictitious business name Menzies aviation. At all relevant times herein, both Menzies and ASI jointly managed and controlled Plaintiff's wages, hours, work schedule, and work conditions.

16.     Plaintiff was a hard-working and successful Operations/General Manager, who carried out his duties effectively and was excited to work for Defendants. That is, until Defendants turned against Plaintiff when he suffered from a temporary disability and required several months of medical leave.

***Plaintiff's Protected Status:***

17.     Plaintiff is a 36-year-old male who suffered from a temporary physical disability. Plaintiff had to have two heart valve surgeries and suffered complications from the first, including a stroke that temporarily disabled Plaintiff's right side of the body. Plaintiff went out on medical leave for several months to recover and was ultimately wrongfully terminated for

discriminatory and retaliatory reasons, i.e., for belonging to a protected class and for engaging in protected activities. Consequently, Plaintiff is a protected employee, as defined under California Law. (See. Cal. Gov't Code § 12940, *et seq.*).

***Plaintiff's Job Performance:***

18.    Plaintiff was an exemplary employee of Defendants throughout the entirety of the Employment Period. Plaintiff never received any negative performance evaluations and was promoted to his managerial position with ease.

***Defendants' Harassing, Discriminatory, and Retaliatory Conduct:***

19.    In or about February 2022, Plaintiff requested and received approval from Defendants for a medical leave of absence pursuant to the Family Care Medical Leave Act ("FMLA") because Plaintiff needed to have heart valve surgery. Plaintiff's FMLA leave was approved from February 11, 2022 through May 7, 2022. Because of Plaintiff's condition, he had scheduled heart surgery for on or about February 11, 2022 and anticipated about one month for recovery time, assuming the procedure was successful.

20.    Unfortunately, Plaintiff suffered complications during this first surgery and nearly lost his life during the procedure. The day after this surgery, on or about February 12, 2022, Plaintiff was transferred to a different hospital to properly perform the heart valve surgery and correct complications from the first surgery. As a result of the first surgery completely shutting the left valve of Plaintiff's heart and cutting off the blood supply to that portion of his heart, Plaintiff received a Left Ventricular Assisting Device ("LVAD") during this second procedure which would open and shut the valve on the left side of Plaintiff's heart properly.

21.    Further, due to the complications from the first surgery resulting in a lack of blood flow in Plaintiff's heart, Plaintiff suffered a stroke which disabled the right side of his body. Plaintiff was temporarily unable to move his right arm and right leg; he could not walk nor write. Plaintiff notified Defendants of his condition and his FMLA leave was extended until on or about May 7, 2022.

22.    On or about April 7, 2022 Plaintiff was seen by his doctor who extended Plaintiff's medical leave to absence through September 19, 2022. He was prescribed the use of a

-5-
COMPLAINT

cane or wheelchair during this time as he continued his physical therapy and recovery. A human resources representative from Defendants, Tracy Aguilera, responded to Plaintiff's new request to extent his medical leave stating, "I'm glad to hear you are doing well." On April 14, 2022 Plaintiff received approval of his request for extended medical leave from Defendant's Leave of Absence/Return to Work Specialist Patricia Gibson.

23.    Just before Plaintiff was set to return on September 20, 2022, Plaintiff's doctors discovered that Plaintiff's heart had made an unexpected recovery. Plaintiff's heart began to function properly and no longer needed the LVAD. Thus, Plaintiff's doctors informed him that the LVAD needed to be removed and provided him with a new doctor's note requesting one last extension to his medical leave through December 19, 2022, in order for Plaintiff to have one final procedure to remove the LVAD. Plaintiff's doctors scheduled the surgery in or about October 2022 to remove the device and extended Plaintiff's leave until December 19, 2022. Plaintiff's requested extension was once again approved by Defendants.

24.    On or about December 20, 2022, Plaintiff drove into work, excited that he was able to continue working and that his heart had recovered, only to receive a phone call from Defendants' human resources manager Tracy Aguilar ("Aguilar"), who told Plaintiff, for the first time, that his position had been eliminated during his leave and that he would no longer be General Manager. Plaintiff was in complete shock and disbelief. He asked what he was supposed to do, and Aguilar responded by telling Plaintiff he could come back to an entry level job as an aircraft fueler or cargo handler. Plaintiff would have to go from a salaried position making over $100,000 per year, to an hourly role making less than $20.00 per hour. Plaintiff felt that these job offers were a slap in the face as he would have to come back to a position making less than half of his old hourly rate and be managed by the team members he used to manage before taking medical leave.

25.    Plaintiff told Aguilar that financially he could not accept an entry level position and that he wanted to come back in a managerial role comparable to the Operations/General Manager role Plaintiff held prior to going on medical leave. Aguilar told Plaintiff that he had until on or about December 23, 2022 to accept one of those positions and if he did not then

Aguilar would terminate Plaintiff's employment as a "voluntary resignation." Plaintiff reiterated he was not resigning, and again asked to return to his old role or a comparable managerial role in another department.

26.    Plaintiff had a meeting with Aguilar on December 23, 2022. Aguilar sent a recap email that same day reiterating that Plaintiff had stated he financially cannot accept the entry level positions offered to him. Aguilar set up a "final meeting" with Plaintiff for December 28, 2022 for him to "reconsider accepting one of the positions being offered." Aguilar further informed Plaintiff that "If you do not attend the meeting, I will then accept your voluntary resignation."

27.    Plaintiff met with Aguilar again on December 28, 2022, where he maintained that he deserved to comeback to a comparable role and reiterated that he would not resign. Aguilar then sent Plaintiff an email stating that Plaintiff verbally refused the entry-level positions offered to him again. Aguilar then listed four (4) managerial positions within Menzies and/or ASI, but each position was out of state (Illinois, Toronto, or Texas), and Defendants informed Plaintiff that "there are no relocation funds available." Moreover, the positions were not simply offered to Plaintiff, but he was told by Aguilar that he would need to apply and interview for any position he was interested in. Aguilar gave Plaintiff two (2) days to make a decision and concluded her email by stating "Failure to respond, I will accept this as your voluntary resignation."

28.    On or about December 29, 2022, Plaintiff emailed Aguilar stating that he needed more than two (2) days to consider relocating his entire family to another state, and again stated "I do not resign or voluntarily resign, and it feels threaten when you say this (*sic*)."

29.    Aguilar would respond via email this very same day once again stating that Plaintiff had refused the entry-level jobs in San Francisco, and that she had offered him some managerial positions for which he would "have [to] interview and be considered, if [he] qualif[ies]." Aguilar gave Plaintiff until January 3, 2023 to make a decision, and told Plaintiff that if he did not accept one of the entry level jobs in San Francisco by January 3, 2023 then she would "have no choice but to terminate [Plaintiff's] employment as a voluntary resignation/refused worked (*sic*)."

30.     On or about January 3, 2023, Plaintiff sent Aguilar an email saying that he could not apply for the out of state jobs as he could not move his family across (or out of) the country, and that he could not financially take the entry level laborer jobs offered in San Francisco since it would cut his pay in half. Yet again, Plaintiff stated that he was not resigning and that he felt that Aguilar was forcing Plaintiff to take these jobs menial jobs and/or resign and was being treated this way because of his medical leave. Aguilar responded the same day, and instead of addressing Plaintiff's concerns of disparate treatment or attempting to help Plaintiff, Aguilar sent Plaintiff a change in status form wrongfully terminating his employment. Aguilar selected that Plaintiff voluntarily resigned and refused work on the change of status form.

***Exhaustion of Administrative Remedies:***

31.     At all applicable times mentioned herein, Defendants regularly employed five or more persons in California, bringing Defendants subject to the provisions of the Fair Employment and Housing Act ("FEHA").

32.     Plaintiff has adequately exhausted all of his administrative remedies under the FEHA and obtained a valid "right to sue" letter against Defendants from the Department of Fair Employment and Housing.

## FIRST CAUSE OF ACTION

(Disability Discrimination in Violation of Cal. Gov. Code Section 12900 et seq.

by Plaintiff Against ASI, Menzies, and Does 1-50)

33.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

34.     There existed an employer-employee relationship between Plaintiff and Defendants during the Employment Period and, at all times herein, Plaintiff was duly qualified and performed her employment duties in a satisfactory manner.

35.     Because FEHA requires only a "limitation" on a major life activity, evidence of a temporary or short-term impairment qualifies an employee as disabled under FEHA, thereby

1    affording said employee the protections provided to disabled persons under FEHA. (*Diaz v. Fed.*

2    *Express Corp.*, (2005) 373 F.Supp.2d 1034, 1051-1052).

3        36.    Plaintiff suffered from a physical disability and is a member of a protected class

4    within the meaning of FEHA and is entitled to its guarantees of full and equal access to

5    employment.

6        37.    It is unlawful for an employer to discriminate against an employee based on the

7    employee's "race, religious creed, color, national origin, ancestry, physical disability, mental

8    disability, medical condition, genetic information, marital status, sex, gender, gender identity,

9    gender expression, age, sexual orientation, or military and veteran status of any person" or to

10    "discharge the person from employment... or to discriminate against the person in compensation

11    or in terms, conditions, or privileges of employment." (Cal. Gov't Code § 12940(a)).

12        38.    Plaintiff was, at all times herein, an "employee" covered by California

13    Government Code § 12900 et seq.

14        39.    Defendants were at all relevant times hereto "employers" within the meaning of

15    California Government Code § 12900 et seq.

16        40.    Plaintiff's physical disability and/or other characteristics protected by FEHA were

17    motivating factors in Defendant's adverse treatment of Plaintiff, as set forth in detail herein

18    above.

19        41.    Plaintiff has performed competently and has gone above and beyond in his

20    position, has suffered an adverse employment action, and the circumstances give rise to the

21    discriminatory conduct from Defendants.

22        42.    As alleged herein above, Plaintiff suffered from a physical disability that resulted

23    in several heart surgeries and a stroke that disabled the right side of his body. Plaintiff would

24    suffer from surgical complications which resulted in his medical leave being extended through

25    December 2022. Upon attempting to return to work in December 2022, Defendants informed

26    Plaintiff, for the first time, that his position had been eliminated while he was out on medical

27    leave. Defendants then offered Plaintiff entry level laborer positions with a pay cut of over 50%,

28    or managerial positions out of state for which Plaintiff would have to apply and interview for,

-9-
COMPLAINT

and no relocation fees would be provided. Defendants told Plaintiff that if he refused to accept one of these positions then they would terminate his employment, and that is exactly what they did. On January 3, 2023, Defendants sent Plaintiff a change of status form wrongfully contending that Plaintiff had voluntarily resigned and refused work, thereby terminating his employment.

43.    Defendants' conduct as alleged herein violated FEHA and Defendants committed unlawful employment practices, including, without limitation, discriminating against Plaintiff by materially affecting the terms and conditions of his employment, in whole or in part on the basis of Plaintiff's mental disability in violation of California Government Code § 12900 et seq.

44.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, emotional distress, and physical and mental pain and anguish all to his damage in a sum according to proof at the time of trial.

45.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to Government Code § 12965(b). Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof at the time of trial.

46.    Defendants' conduct was willful, knowing, malicious, intentional, and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

## SECOND CAUSE OF ACTION

(Harassment and Hostile Work Environment in Violation of Cal. Gov. Code Section 12900 et seq. by Plaintiff Against Defendants and Does 1-50)

47.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

48.    There existed an employer-employee relationship between Plaintiff and Defendants during the Employment Period and, at all times herein, Plaintiff was duly qualified and performed her employment duties in a satisfactory manner.

49.    Plaintiff suffered from a disability during the Employment Period and was a member of a protected class within the meaning of the FEHA and is entitled to its guarantees of full and equal access to employment.

50.    It is unlawful for an employer to harass an employee based on the employee's "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person." Harassment of an employee "shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. (Cal. Gov't Code § 12940(j)). Even discriminatory personnel/management decisions of the employer can provide the basis for a harassment or hostile work environment claim. (*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686, 707; See also *Miller v. Department of Corrections* (2005) 36 Cal.4th 446.)

51.    Plaintiff was at all times herein an "employee" covered by Cal. Gov. Code § 12900 et seq. Defendants were at all relevant times hereto "employers" within the meaning of Cal. Gov. Code § 12900 et seq.

52.    Plaintiff's disability and/or other characteristics protected by FEHA were motivating factors in Defendant's adverse treatment of Plaintiff.

53.    As described herein above, during Plaintiff's employment, Defendants, and each of them and/or their agents or employees engaged in a pattern and practice of unlawful harassment in violation of FEHA. Defendants harassed Plaintiff via the actions of Aguilar, who acting in her capacity as an agent and employee of ASI and Menzies, repeatedly (i) sought to obstruct Plaintiff's return to work, (ii) continually threatened Plaintiff with his "voluntary resignation" despite multiple written statements from Plaintiff that he would not resign, (iii) gave Plaintiff unrealistic deadlines for which to decide whether to take over a 50% pay cut or relocate

his family across or to another country, (iv) ignored and failed to investigate Plaintiff's claim of disparate treatment based upon his disability/medical leave, and (v) instead responded by terminating Plaintiff's employment.

54.     The harassment and hostile work environment as alleged herein was such that a reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, and/or abusive.

55.     Defendants knew or should have known of Aguilar's conduct but continued to allow her to continue to harass, threaten, belittle, and humiliate Plaintiff without any disciplinary action, thereby creating a hostile, intimidating, offensive, oppressive, and abusive work environment.

56.     As a direct, foreseeable, and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer aggravation of her injuries, substantial losses in earnings, benefits, humiliation, emotional distress, and physical and mental pain and anguish all to her damage in a sum according to proof at the time of trial.

57.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to Cal. Gov. Code § 12965(b). Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof at the time of trial.

58.     Defendant's conduct was willful, knowing malicious intentional, and done in reckless disregard of the damaging consequences to Plaintiff. Defendant's conduct evidences a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amount according to proof at the time of trial.

## **THIRD CAUSE OF ACTION**

(Failure to Prevent Discrimination and Harassment in Violation of Cal. Gov. Code Section 12900 et seq. by Plaintiff Against ASI, Menzies, and Does 1-50)

59.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

-12-
COMPLAINT

60.    At all relevant times, there existed an employer-employee relationship between Plaintiff and Defendants.

61.    At all relevant times, Defendants were employers who regularly employed five or more persons within the meaning of California Government Code § 12900 et seq.

62.    At all applicable times herein, Gov. Code § 12900 et seq. was in full force and effect and binding on Defendants.

63.    California law requires that employers take reasonable steps to prevent and correct wrongful behavior, including, but not limited to, harassing and discriminatory behavior. (*See* Gov. Code § 12940(k)) (In it unlawful "For an employer... to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.")). Pursuant to this statute, Defendants were required to take all reasonable steps to prevent discrimination and harassment against Plaintiff based on Plaintiff's disability and/or other protected characteristics.

64.    As alleged herein above, throughout the Employment Period, Defendants failed to prevent Defendants and their agents, supervisors, employees, and others from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's protected status (i.e., disability). Plaintiff complained of the disparate treatment he suffered due to his disability/request for medical leave. Rather than investigate and/or remediate the matter, Defendants responded via the wrongful termination of his employment.

65.    Plaintiff is informed and believes, and based thereon alleges, that his disability and/or other characteristics protected by FEHA were substantial motivating factors in Defendants' adverse treatment of Plaintiff. Despite knowing its legal obligations, Defendants did nothing to prevent the rampant discrimination and harassment that Plaintiff suffered.

66.    Defendants knew, or reasonably should have known of the other Defendants and their agents, supervisors and employees' unlawful discrimination of Plaintiff, and that Defendants should have restrained such other Defendants from engaging in such conduct.

67.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job

-13-<br>COMPLAINT

benefits, humiliation, emotional distress, and physical and mental pain and anguish all to his damage in a sum according to proof at the time of trial.

68.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to Government Code § 12965(b). Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof at the time of trial.

69.    Defendants' conduct was willful, knowing, malicious, intentional, and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

**FOURTH CAUSE OF ACTION**

(Retaliation in Violation of Cal. Gov. Code Section 12900 et seq. by Plaintiff Against ASI, Menzies, and Does 1-50)

70.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

71.    At all relevant times, there existed an employer-employee relationship between Plaintiff and Defendants.

72.    At all relevant times, Defendants were employers who regularly employed five or more persons within the meaning of California Government Code § 12900 et seq.

73.    At all applicable times herein, Gov. Code § 12900 et seq. was in full force and effect and binding on Defendants.

74.    California Government Code § 12940(h) provides that it is unlawful to retaliate against a person "because the person has opposed any practices forbidden under [Government Code Sections 12900-12966]". It is also unlawful to retaliate or otherwise discriminate against a person for requesting an accommodation for disability, regardless of whether the accommodation was granted. (*See* Cal. Gov't Code § 12940(m)(2)).

75.    As alleged herein above, Plaintiff requested a medical leave of absence pursuant to the FMLA in or about February 2022 for him to obtain a necessary heart surgery. Plaintiff

-14-
COMPLAINT

would suffer from surgical complications which resulted in his medical leave being extended through December 2022. Upon attempting to return to work in December 2022, Defendants retaliated against Plaintiff for his extended medical leave by informing him, for the first time, that his position had been eliminated while he was out on medical leave. Defendants then offered Plaintiff entry level laborer positions with a pay cut of over 50%, or managerial positions out of state for which Plaintiff would have to apply and interview for, and no relocation fees would be provided. Defendants told Plaintiff that if he refused to accept one of these positions then they would terminate his employment, and that is exactly what they did. On January 3, 2023, Defendants committed their final retaliatory act via the wrongful termination of his employment.

76.     As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, emotional distress, and physical and mental pain and anguish all to his damage in a sum according to proof at the time of trial.

77.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees pursuant to Government Code § 12965(b). Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof at the time of trial.

78.     Defendants' conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

## FIFTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy (Count I) By Plaintiff Against ASI, Menzies, and Does 1-50)

79.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

80.     At all relevant times herein, there existed an employer-employee relationship between Plaintiff and Defendants during the Employment Period.

81.    At all relevant times herein, Plaintiff was duly qualified and performed his employment duties in a satisfactory manner.

82.    At all relevant times to this action, Government Code § 12900 et seq. was in full force and effect and was binding upon Defendants. Government Code § 12900 et seq. prohibits an employer from retaliating against employees who request a disability related accommodation. (Cal. Gov't Code § 12900(m)(2)). Government Code § 12900 et seq. evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

83.    Plaintiff's requests for and use of FMLA leave and extended medical leave were substantial motivating reasons for Defendants' decision to terminate Plaintiff's employment.

84.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other job benefits, and will for a period of time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

85.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an amount more than the jurisdictional limits of this Court.

86.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' (including employees, officers, directors, and/or managing agents of Defendants) conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof.

87.    Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the

1  prior approval, consent, and authorization of Defendants and were subsequently authorized and

2  ratified by it as well as by and through its officers, directors, and/or managing agents.

### SIXTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy (Count II)

by Plaintiff Against ASI, Menzies, and Does 1-50)

88.    Plaintiff alleges and incorporates herein by this reference each and every

allegation set forth in all previous paragraphs of this Complaint.

89.    At all relevant times herein, there existed an employer-employee relationship

between Plaintiff and Defendants during the Employment Period.

90.    At all relevant times herein, Plaintiff was duly qualified and performed his

employment duties in a satisfactory manner.

91.    At all applicable times herein, California Government Code § 12900 et seq. and

California Constitution Art I., § 8 were in full force and effect and binding on Defendants.

92.    Defendants' termination of Plaintiff was in violation of fundamental public

policies, articulated in Government Code § 12900 et seq. and Article I, § 8 of the California

Constitution. Specifically, that the policy behind the prevention of discrimination protects

Plaintiff and the public at large, is substantial and fundamental, was well established at the time

of Plaintiff's discharge, and can form the basis of a common law wrongful termination claim.

(*Stevenson v. Superior Court (Huntington Mem. Hosp.)*, (1997) 16 Cal.4th 880, 889; *Phillips v.*

*St. Mary Regional Medical Center*, (2002) 96 Cal.App.4th 218, 227).

93.    Plaintiff's disability and/or other protected characteristics were a substantial

motivating reason for Defendants' decision to terminate Plaintiff's employment.

94.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and

continues to suffer, substantial losses in earnings and other job benefits, and will for a period of

time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such

employment and earning capacity has been diminished. The exact amount of such expenses and

losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

95.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an amount more than the jurisdictional limits of this Court.

96.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' (including employees, officers, directors, and/or managing agents of Defendants) conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof.

97.     Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well as by and through its officers, directors, and/or managing agents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

### **UNDER THE FIRST CAUSE OF ACTION**

1.  For all compensatory, consequential, general and special damages, subject to proof;

2.  For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

3.  For attorney's fees and costs pursuant to Government Code § 12965(b);

4.  For interest according to law;

5.  For costs of suit incurred herein; and

6.  For such other and further relief that the Court determines to be just and proper.

-18-
COMPLAINT

**UNDER THE SECOND CAUSE OF ACTION**

1. For all compensatory, consequential, general and special damages, subject to proof;
2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;
3. For attorney's fees and costs pursuant to Government Code § 12965(b);
4. For interest according to law;
5. For costs of suit incurred herein; and
6. For such other and further relief that the Court determines to be just and proper.

**UNDER THE THIRD CAUSE OF ACTION**

1. For all compensatory, consequential, general and special damages, subject to proof;
2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;
3. For attorney's fees and costs pursuant to Government Code § 12965(b);
4. For interest according to law;
5. For costs of suit incurred herein; and
6. For such other and further relief that the Court determines to be just and proper.

**UNDER THE FOURTH CAUSE OF ACTION**

1. For all compensatory, consequential, general and special damages, subject to proof;
2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;
3. For attorney's fees and costs pursuant to Government Code § 12965(b);
4. For interest according to law;
5. For costs of suit incurred herein; and
6. For such other and further relief that the Court determines to be just and proper.

-19-
COMPLAINT

## UNDER THE FIFTH CAUSE OF ACTION

1. For all compensatory, consequential, general and special damages, subject to proof;
2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;
3. For interest according to law;
4. For costs of suit incurred herein; and
5. For such other and further relief that the Court determines to be just and proper.

## UNDER THE SIXTH CAUSE OF ACTION

6. For all compensatory, consequential, general and special damages, subject to proof;
7. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;
8. For interest according to law;
9. For costs of suit incurred herein; and
10. For such other and further relief that the Court determines to be just and proper.

Dated: June 8, 2023.                    MARQUEE LAW GROUP, APC

                                        By: _____
                                           F. Shawn Azizollahi, Esq.
                                           Gary S. Brotman, Esq.
                                           Attorneys for Plaintiff Geary Sha

//
//
//
//
//
//

-20-
COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable in the Complaint.

Dated: June 8, 2023                          MARQUEE LAW GROUP, APC

By: _____
     F. Shawn Azizollahi, Esq.
     Gary S. Brotman, Esq.
     Attorneys for Plaintiff Geary Sha

-21-
COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Gary S. Brotman (SBN 287726)
MARQUEE LAW GROUP, A Professional Corporation
9100 Wilshire Boulevard, Suite 445 East Tower
Beverly Hills, California 90212
TELEPHONE NO.: (310) 275-1844    FAX NO. *(Optional):* (310) 275-1801
E-MAIL ADDRESS: gary@marqueelaw.com
ATTORNEY FOR *(Name):* Geary Sha

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Geary Sha vs. Aircraft Service International, Inc., et al.

**FOR COURT USE ONLY**

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/09/2023**
**Clerk of the Court**
BY: MARK UDAN
Deputy Clerk

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC-23-606989** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 8, 2023

Gary S. Brotman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**　　　　　　　　**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
　Damage/Wrongful Death
Uninsured Motorist (46) *(if the
　case involves an uninsured
　motorist claim subject to
　arbitration, check this item
　instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability *(not asbestos or
　toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip
　　and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination,
　false arrest) *(not civil
　harassment)* (08)
Defamation (e.g., slander, libel)
　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract *(not unlawful detainer
　　or wrongful eviction)*
　Contract/Warranty Breach–Seller
　　Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections
　　Case
Insurance Coverage *(not provisionally
　complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent
　　domain, landlord/tenant, or
　　foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
　drugs, check this item; otherwise,
　report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case
　　Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor
　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　*(arising from provisionally complex
　case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of
　　County)
　Confession of Judgment *(non-
　　domestic relations)*
　Sister State Judgment
　Administrative Agency Award
　　*(not unpaid taxes)*
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment
　　Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
　above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-
　　harassment)*
　Mechanics Lien
　Other Commercial Complaint
　　Case *(non-tort/non-complex)*
　Other Civil Complaint
　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition *(not specified
　above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult
　　Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late
　　Claim
　Other Civil Petition

CM-010 [Rev. September 1, 2021]　　　　　　　**CIVIL CASE COVER SHEET**　　　　　　　Page 2 of 2

For your protection and privacy, please press the Clear

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **NOV 08, 2023**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

1  CHRISTOPHER WARD, CA Bar No. 238777
       cward@foley.com
2  FOLEY & LARDNER LLP
   555 SOUTH FLOWER STREET, SUITE 3300
3  LOS ANGELES, CA 90071-2418
   TELEPHONE:  213.972.4500
4  FACSIMILE:   213.486.0065

5  KEVIN JACKSON, CA Bar No. 278169
       kjackson@foley.com
6  FOLEY & LARDNER LLP
   11988 EL CAMINO REAL, SUITE 400
7  SAN DIEGO, CA 92130-2594
   TELEPHONE:  858.847.6700
8  FACSIMILE:   858.792.6773

9  Attorneys for Defendants AIRCRAFT SERVICE
   INTERNATIONAL, INC.; MENZIES AVIATION
10 (USA), INC.; and TRACY AGUILAR

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**08/04/2023**
**Clerk of the Court**
**BY: EDWARD SANTOS**
**Deputy Clerk**

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     FOR THE COUNTY OF SAN FRANCISCO

13

14 GEARY SHA, AN INDIVIDUAL;                    CASE NO:  CGC-23-606989

15              PLAINTIFF,                      **DEFENDANTS AIRCRAFT SERVICE
                                               INTERNATIONAL, INC.; MENZIES
16      V.                                     AVIATION (USA), INC. AND TRACY
                                               AGUILAR'S ANSWER TO COMPLAINT**
17 AIRCRAFT SERVICE INTERNATIONAL, INC.,
   A DELAWARE CORPORATION; MENZIES
18 AVIATION (USA), INC., A DELAWARE
   CORPORATION; TRACY AGUILAR, AN            CASE FILED:  JUNE 9, 2023
19 INDIVIDUAL; AND DOES 1 THROUGH 50, INCLUSIVE;

20              DEFENDANTS.

21

22

23

24

25

26

27

28

                                    1

4888-4158-5264.1

Defendants AIRCRAFT SERVICE INTERNATIONAL, INC. (hereinafter referred to as "ASIG"); MENZIES AVIATION (USA), INC. (hereinafter referred to as "Menzies") and TRACY AGUILAR (hereinafter referred to as "Aguilar") (collectively, "Defendants") hereby answer Plaintiff GEARY SHA's ("Plaintiff") Complaint on file as follows herein:

## **GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically, conjunctively and disjunctively, each and every allegation of the Complaint, including, but not limited to, each and every purported cause of action contained therein (including denying the existence of each and every element of each and every cause of action).

Further answering the Complaint, and the whole thereof, Defendants deny that Plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission of Defendants.

## **AFFIRMATIVE DEFENSES**

Defendants hereby assert the following separate and distinct affirmative defenses to the Complaint:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

1.     Plaintiff has failed to meet his burden inasmuch as the Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a cause of action against Defendants.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim Upon Which Relief Can Be Granted)**

2.     Plaintiff has failed to meet his burden inasmuch as the allegations contained in the Complaint, or any purported cause of action alleged therein, fail to state a claim upon which relief can be granted.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Failure to Exhaust)**

3.     Plaintiff has failed to meet his burden inasmuch as any recovery based on allegations against Defendants are barred by Plaintiff's failure to exhaust all administrative remedies.

1
DEFENDANTS' ANSWER TO COMPLAINT
CASE NO. CGC-23-606989

4888-4158-5264.1

1

2

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver/Estoppel)

3

4

5

4.     Plaintiff has failed to meet his burden inasmuch as some or all of the allegations against Defendants are barred by the doctrines of waiver and equitable estoppel by reasons of Plaintiff's own actions and course of conduct.

6

### FIFTH AFFIRMATIVE DEFENSE

7

#### (Unclean Hands)

8

9

5.     Any recovery on the allegations against Defendants are barred on the grounds that Plaintiff has unclean hands with respect to the matters alleged in the Complaint.

10

### SIXTH AFFIRMATIVE DEFENSE

11

#### (Mistake)

12

13

6.     The allegations against are Defendants barred, in whole or in part, by the doctrine of mistake.

14

### SEVENTH AFFIRMATIVE DEFENSE

15

#### (No Improper Purpose)

16

17

7.     Plaintiff's claims are barred, in whole or in part, because Defendants did not act with any improper purpose.

18

### EIGHTH AFFIRMATIVE DEFENSE

19

#### (Failure to Mitigate)

20

21

22

8.     Plaintiff's claims are barred, in whole or in part, because Plaintiff had and continues to have the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation, and it has failed and refused to mitigate the damages.

23

### NINTH AFFIRMATIVE DEFENSE

24

#### (Good Faith)

25

26

9.     Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in good faith.

27

///

28

///

2

## TENTH AFFIRMATIVE DEFENSE

### (No Damages)

10.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damage by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

11.    Plaintiff may not recover punitive damages because, at all times relevant to the Complaint, Defendants acted without malice.

## TWELFTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

12.    Plaintiff has failed to meet his burden inasmuch as an award of statutory and/or civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

13.    Plaintiff will be unjustly enriched if it receives any of the relief requested in his Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

14.    To the extent Defendants subsequently acquire evidence refuting Plaintiff's claims, such after-acquired evidence shall accordingly bar Plaintiff's claims on liability or damages or shall reduce such claims or damages as provided by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

15.    Plaintiff's allegations of emotional or physical injury are barred, as this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under California Labor Code section 3602, *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Legitimate, Nondiscriminatory & Nonretaliatory Reasons)

16.     Plaintiff has failed to meet his burden inasmuch as the conduct for which Plaintiff complains was not based on Plaintiff's alleged characteristics, but was based on one or more legitimate, nondiscriminatory, and nonretaliatory reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Affirmative Defenses)

17.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert any other defenses, in law or in equity, that may exist or in the future be available based on the discovery and further factual investigation of this case.

## PRAYER

**WHEREFORE**, Defendants pray for judgment against Plaintiff on the Complaint as follows:

1.     That Plaintiff takes nothing by way of his Complaint;

2.     That the Complaint against Defendants be dismissed with prejudice;

3.     That Defendants be awarded costs and attorneys' fees;

4.     That the Court grant to Defendants such other and further relief as the Court may deem just and proper.

DATE:  AUGUST 4, 2023

FOLEY & LARDNER LLP
CHRISTOPHER WARD
KEVIN JACKSON


By: _____
CHRISTOPHER WARD
Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC.; MENZIES AVIATION (USA), INC.; and TRACY AGUILAR

4
DEFENDANTS' ANSWER TO COMPLAINT
CASE NO. CGC-23-606989

4888-4158-5264.1

PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action; my current business address is 11988 El Camino Real, Suite 400, San Diego, CA 92130-2594.

On August 4, 2023, I served the foregoing document(s) described as: **DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC.; MENZIES AVIATION (USA), INC. AND TRACY AGUILAR'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

F. Shawn Azizollahi                           Attorneys for Plaintiff Geary Sha
Gary Brotman
Marquee Law Group, APC
9100 Wilshire Boulevard
Suite 445 East Tower
Beverly Hills, CA 90212
Telephone: 310-275-1844
Facsimile:  310-275-1801
Email: shawn@marqueelaw.com
        gary@marqueelaw.com


_X_    BY MAIL

        X     I am readily familiar with the firm's practice of collection and processing
              correspondence for mailing with the United States Postal Service; the firm
              deposits the collected correspondence with the United States Postal Service that
              same day, in the ordinary course of business, with postage thereon fully prepaid,
              at San Diego, California. I placed the envelope(s) for collection and mailing on
              the above date following ordinary business practices.

_X_    BY E-MAIL
        X     I served the foregoing document via e-mail to the addressees above at the e-mail
              addresses listed therein.

_X_    Executed on August 4, 2023, at San Diego, California.

_X_           I declare under penalty of perjury under the laws of the State of California that
              the above is true and correct.
_X_           I declare that I am employed in the office of a member of the bar of this court at
              whose direction the service was made.


                                        _Sonia Moreno_____
                                        Sonia Moreno

---

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO: 268116<br>NAME: Gary S. Brotman<br>FIRM NAME: Marquee Law Group, A.P.C.<br>STREET ADDRESS: 9100 Wilshire Blvd., Suite 445 East Tower<br>CITY: Beverly Hills    STATE: CA    ZIP CODE: 90212<br>TELEPHONE NO.: 310-275-1844    FAX NO.: 310-275-1801<br>E-MAIL ADDRESS: gary@marqueelaw.com<br>ATTORNEY FOR (Name): Geary Sha | FOR COURT USE ONLY<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**10/10/2023**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:    San Francisco, CA 94102
BRANCH NAME:  Civic Center Courthouse

Plaintiff/Petitioner:  Geary Sha
Defendant/Respondent:  Aircraft Service International, Inc., et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-23-606989 |

TO *(insert name of party being served):* MENZIES AVIATION (USA), INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  6/14/2023

Gary S. Brotman
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*

CIVIL CASE COVER SHEET; ADR INFORMATION
PACKAGE; AND NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL

*(To be completed by recipient):*

Date this form is signed:  July 5, 2023

Kevin Jackson, Counsel for Menzies Aviation (USA), Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]    **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**    Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Page 185

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 268116<br>NAME: Gary S. Brotman<br>FIRM NAME: Marquee Law Group, A.P.C.<br>STREET ADDRESS: 9100 Wilshire Blvd., Suite 445 East Tower<br>CITY: Beverly Hills    STATE: CA    ZIP CODE: 90212<br>TELEPHONE NO.: 310-275-1844    FAX NO.: 310-275-1801<br>E-MAIL ADDRESS: gary@marqueelaw.com<br>ATTORNEY FOR (Name): Geary Sha | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**10/10/2023**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>**Deputy Clerk** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:    San Francisco, CA 94102<br>BRANCH NAME: Civic Center Courthouse |
| Plaintiff/Petitioner:  Geary Sha<br>Defendant/Respondent:  Aircraft Service International, Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-23-606989 |

TO *(insert name of party being served):* Tracy Aguilar

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  6/14/2023

Gary S. Brotman
(TYPE OR PRINT NAME)

▶                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other *(specify):*

        CIVIL CASE COVER SHEET; ADR INFORMATION
        PACKAGE; AND NOTICE AND ACKNOWLEDGEMENT OF RECEIPT - CIVIL

*(To be completed by recipient):*

Date this form is signed:  July 5, 2023

Kevin Jackson, Counsel for Defendant Tracy Aguilar
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Christopher Ward (CA Bar No. 238777); Kevin Jackson (CA Bar No. 278169);<br>William N. Lawther (CA Bar No. 335000)<br>FOLEY & LARDNER LLP<br>555 South Flower Street, Suite 3300, Los Angeles, CA 90071<br><br>TELEPHONE NO.: (213) 972-4500    FAX NO. *(Optional)*: (213) 486-0065<br>E-MAIL ADDRESS: cward@foley.com; kjackson@foley.com; wlawther@foley.com<br>ATTORNEY FOR *(Name)*: Defendants Aircraft Service International, Inc., et al. | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**10/11/2023**<br>**Clerk of the Court**<br>BY: EDWARD SANTOS<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Geary Sha

DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al.

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000) ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | CASE NUMBER:<br>CGC-23-606989 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: November 8, 2023    Time: 10:30 am    Dept.: 610    Div.:    Room:

Address of court *(if different from the address above)*:

☒    **Notice of Intent to Appear by Telephone, by *(name)*:** Kevin Jackson; William Lawther

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☒ This statement is submitted **jointly** by parties *(names)*: Aircraft Service International, Inc.; Menzies Aviation (USA), Inc. and Tracy Aguilar.

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint *(Describe, including causes of action)*:
      Plaintiff's Complaint alleges claims for Disability Discrimination, Harassment and Hostile Work Environment, Failure to Prevent Discrimination and Harassment, and Retaliation in Violation of Gov. Code § 12900 et seq., and Wrongful Termination in Violation of Public Policy.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Geary Sha<br>DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | CASE NUMBER:<br>CGC-23-606989 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges discrimination, harassment, retaliation, and wrongful termination in connection with his employment at Defendants Aircraft Service International, Inc. and/or Menzies Aviation (USA), Inc.  Plaintiff seeks general and special damages, punitive damages, costs and fees, and interest.  Defendants deny that Plaintiff is entitled to any relief for his claims.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☐ a jury trial.      ☒ a nonjury trial.      *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 3-5

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial      ☒ by the attorney or party listed in the caption      ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                                                    f. Fax number:

e. E-mail address:                                                       g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel      ☒ has      ☐ has not      provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has      ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Geary Sha | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | CGC-23-606989 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Geary Sha | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | CGC-23-606989 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Motion for Summary Judgement/Summary Adjudication.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| --- | --- | --- |
| Defendants | Written discovery | Per Code |
| Defendants | Plaintiff's deposition | Per Code |
| Defendants | Third-Party discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: Geary Sha | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | CGC-23-606989 |

**17. Economic litigation**

    a. ☐   This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐   This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐   The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☒   The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐   After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 11, 2023

Kevin Jackson
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action; my current business address is 555 South Flower Street, Suite 3300, Los Angeles, CA 90071.

On October 11, 2023, I served the foregoing document(s) described as: **CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

F. Shawn Azizollahi                                        Attorneys for Plaintiff Geary Sha
Gary Brotman
Marquee Law Group, APC
9100 Wilshire Boulevard
Suite 445 East Tower
Beverly Hills, CA 90212
Telephone: 310-275-1844
Facsimile:  310-275-1801
Email: shawn@marqueelaw.com
           gary@marqueelaw.com


  X       BY E-MAIL
              X       I served the foregoing document via e-mail to the addressees above at the e-mail
                          addresses listed therein.


  X       Executed on October 11, 2023, at Los Angeles, California.

  X                   I declare under penalty of perjury under the laws of the State of California that
                          the above is true and correct.
  X                   I declare that I am employed in the office of a member of the bar of this court at
                          whose direction the service was made.


_____
SHEILA D. BROWN

CASE MANAGEMENT STATEMENT
CASE NO. CGC-23-606989

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**Gary Brotman (SBN 287726)**<br>**MARQUEE LAW GROUP, A Professional Corporation**<br>**9100 Wilshire Boulevard, Suite 445 East Tower**<br>**Beverly Hills, California 90212**<br><br>TELEPHONE NO.: **(310) 275-1844**        FAX NO. *(Optional):* **(310) 275-1801**<br>E-MAIL ADDRESS: **gary@marqueelaw.com**<br>ATTORNEY FOR *(Name):*Geary Sha | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**10/25/2023**<br>**Clerk of the Court**<br>BY: DAEJA ROGERS<br>Deputy Clerk |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>STREET ADDRESS:400 McAllister St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:San Francisco 94102<br>BRANCH NAME:Civic Center Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER:Geary Sha<br>DEFENDANT/RESPONDENT:Aircraft Service International, Inc., et al. |

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☒ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br>      (Amount demanded         (Amount demanded is $25,000<br>      exceeds $25,000)         or less) | CASE NUMBER:<br>CGC-23-606989 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: November 8, 2023        Time: 10:30 am        Dept.: 610        Div.:        Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone,** by *(name):* Gary S. Brotman

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Geary Sha
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  June 09, 2023
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint  ☐ cross-complaint    *(Describe, including causes of action):*
   Employment matter with 6 COA including: (1) Disability Discrimination in Violation of Cal. Gov. Code Section 12900 et seq.; (2) Harassment and Hostile Work Environment in Violation of Cal. Gov. Code Section 12900 et seq.; (3) Failure to Prevent Discrimination and Harassment in Violation of Cal. Gov. Code Section 12900 et seq.; (4) Retaliation in Violation of Cal. Gov. Code Section 12900 et seq.; (5) Wrongful Termination In Violation of Public Policy (Count I); and (6) Wrongful Termination In Violation of Public Policy (Count II).

Page 1 of 5

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

**CM-110**

| PLAINTIFF/PETITIONER: **Geary Sha** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Aircraft Service International, Inc., et al.** | **CGC-23-606989** |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff had two heart valve surgeries and suffered complications, which required medical leave for several months to recover, and only upon his return he was notified that his position as General Manager had been eliminated during his leave. Instead, he was offered entry level positions or told to resign. Plaintiff asked to return to his old role or a comparable managerial role in another department. Defendant only offered that Plaintiff could "apply" for managerial positions out of state and that "there are no relocation funds available." Defendants repeatedly tried to force Plaintiff to resign to which Plaintiff refused. Defendants then wrongfully terminated Plaintiff's employment.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐ The trial has been set for *(date):*

b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒ days *(specify number):* 3 - 5

b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:          f.  Fax number:

e.  E-mail address:          g.  Party represented:

☐ Additional representation is described in Attachment 8.

9.  **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
California Rules of Court, Rule 3.811(b)(8) [amount in controversy exceeds $50,000]

**CM-110**

| PLAINTIFF/PETITIONER: **Geary Sha** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Aircraft Service International, Inc., et al.** | **CGC-23-606989** |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  **Geary Sha** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  **Aircraft Service International, Inc., et al.** | **CGC-23-606989** |

11. **Insurance**

    a. ☐  Insurance carrier, if any, for party filing this statement *(name):*

    b.  Reservation of rights: ☐ Yes ☐ No

    c. ☐  Coverage issues will significantly affect resolution of this case  *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other  *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

    a. ☐  There are companion, underlying, or related cases.

        (1)  Name of case:

        (2)  Name of court:

        (3)  Case number:

        (4)  Status:

        ☐  Additional cases are described in Attachment 13a.

    b. ☐  A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

14. **Bifurcation**

    ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

    ☐  The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):*

16. **Discovery**

    a. ☐  The party or parties have completed all discovery.

    b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Deposition | Per Code |
| Plaintiff | Expert Discovery | Per Code |

    c. ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

---

CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: **Geary Sha** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **Aircraft Service International, Inc., et al.** | **CGC-23-606989** |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  **October 25, 2023**

**Gary S. Brotman**
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

**Page 5 of 5**



1

**PROOF OF SERVICE**

2

    I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 9100 Wilshire Boulevard, Suite 445, East Tower, Beverly Hills, California 90212.

3

    On October 25, 2023 I served the foregoing document(s) described as:

4

**CASE MANAGEMENT STATEMENT**

5

on all interested parties in this action by transmitting a true copy of the document(s) described above, addressed as follows:

6

**SEE ATTACHED SERVICE LIST**

7

( )   **BY MAIL** as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Beverly Hills, California.

8

9

10

11

( )   **BY PERSONAL SERVICE:**  I caused to be delivered such envelope by hand to the above addressee(s).

12

( )   **BY OVERNIGHT COURIER:**  I am "readily familiar" with the firm's practice of collecting and processing overnight deliveries, which includes depositing such packages in a receptacle used exclusively for overnight deliveries.  The packages were deposited before the regular pickup time and marked accordingly for delivery the next business day.

13

14

(X)   **BY ELECTRONIC TRANSMISSION:**  Participants in this case were served electronically to the address of the recipient(s) as set forth below. I am readily familiar with the Code of Civil Procedure and California Rules of Court for electronic service and this document/these documents were duly served electronically in accordance with said rules and regulations on the date stated above, and the transmission was reported as complete and without error.

15

16

17

18

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on October 25, 2023 at Beverly Hills, California.

19

20

21

*Kimberly Gomez Garcia*
Kimberly Gomez Garcia

22

23

24

25

26

27

28

SERVICE LIST:

| | |
|---|---|
| FOLEY & LARDNER LLP<br>c/o Christopher Ward, Esq.<br>c/o Kevin Jackson, Esq.<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>E : cward@foley.com;<br>kjackson@foley.com;<br>SMoreno@foley.com;<br>*WLawther@foley.com* | *Attorneys for Defendant AIRCRAFT SERVICE INTERNATIONAL, INC.; MENZIES AVIATION (USA), INC.; and TRACY AGUILAR* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| GEARY SHA | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO.: CGC-23-606989** |
| AIRCRAFT SERVICE INTERNATIONAL, INC. et al | |
| | **Notice of Time and Place of Trial and Trial Related Orders** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

YOU ARE HEREBY NOTIFIED that this case is set for Court TRIAL on Jul-08-2024 at 9:30 am in Department 206.  The Nov-08-2023 CASE MANAGEMENT CONFERENCE is canceled.

If any party objects to this trial date, written notice of the objection must be filed with the Court at least three days prior to Nov-08-2023; a courtesy copy must be delivered to Department 610 and served on all parties; and all counsel must appear for an objection hearing on Nov-08-2023 in Department 610 at 10:30am. All parties must meet and confer and be prepared to jointly provide the Court with a new trial date. After Nov-08-2023, ALL REQUESTS FOR CONTINUANCE MUST BE SUBMITTED TO THE PRESIDING JUDGE in Department 206.

MANDATORY SETTLEMENT CONFERENCE
No later than six weeks before trial, ALL COUNSEL AND SELF REPRESENTED LITIGANTS must JOINTLY email the ADR Coordinator for the San Francisco Superior Court at ADRCOORDINATOR@SFTC.ORG to schedule a Mandatory Settlement Conference.  The email MUST contain the following:
1. Party Name and Attorney Name (if represented);
2. Case title and number, trial date and expected length of trial (including motions in limine and jury selection;
3. Whether trial is by court or jury;
4. A brief description of the case; and
5. The dates(s) before trial when all parties will be ready for a Mandatory Settlement Conference.

INFORMATION NECESSARY BEFORE THE DAY OF TRIAL CALL
Seven to fourteen days before trial, ALL COUNSEL AND SELF REPRESENTED LITIGANTS ARE ORDERED to email the court at Department206@sftc.org or call 415-551-3685 and provide the same information in items #1 to #4 above and, in addition, whether the case has settled.  If the case has settled, counsel and self-represented litigants must state whether the settlement is a global settlement as to all parties and all causes of action, and whether the settlement is conditional or unconditional.

TRIAL CALL
Counsel, self-represented litigants and all parties MUST appear on the day of trial unless a Notice of Dismissal, Settlement, or Stay is filed with courtesy copies delivered to Department 206 by 4:00 PM on the Thursday before trial.

If the trial date is continued, this order applies to the new trial date. Failure to comply with this order may result in monetary sanctions, C.C.P. §177.5.

DATED:  OCT-26-2023

ANNE-CHRISTINE MASSULLO

JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on OCT-26-2023 I served the attached Notice of Time and Place of Trial and Trial Related Orders by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  OCT-26-2023                          By: MADELLE MACADANGDANG

CHRISTOPHER WARD (238777)
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET
SUITE 3300
LOS ANGELES, CA  90071-2411

KEVIN JACKSON (278169)
FOLEY & LARDNER LLP
11988 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2594

GARY BROTMAN (287726)
MARQUEE LAW GROUP, A PROFESSIONAL CORPORATION
9100 WILSHIRE BOULEVARD
SUITE 445 EAST TOWER
BEVERLY HILLS, CA  90212

KEVIN JACKSON (278169)
FOLEY & LARDNER LLP
11988 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2594

CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
FOLEY & LARDNER LLP
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendants AIRCRAFT SERVICE
INTERNATIONAL, INC.; MENZIES AVIATION
(USA), INC.; and TRACY AGUILAR

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**02/29/2024**
**Clerk of the Court**
BY: ERNALYN BURA
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GEARY SHA, AN INDIVIDUAL; | CASE NO:  CGC-23-606989 |
| PLAINTIFF, | **PROOF OF SERVICE RE JOINT STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATIONS ONLY** |
| v. | |
| AIRCRAFT SERVICE INTERNATIONAL, INC., A DELAWARE CORPORATION; MENZIES AVIATION (USA), INC., A DELAWARE CORPORATION; TRACY AGUILAR, AN INDIVIDUAL; AND DOES 1 THROUGH 50, INCLUSIVE; | CASE FILED:  JUNE 9, 2023 |
| DEFENDANTS. | |

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action; my current business address is 555 South Flower Street, Suite 3300, Los Angeles, California 90071.

On February 29, 2024, I served the foregoing document(s) described as: **JOINT STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATIONS ONLY** on the interested parties in this action as follows:

| | |
|---|---|
| F. Shawn Azizollahi | Attorneys for Plaintiff Geary Sha |
| Gary Brotman | |
| Marquee Law Group, APC | |
| 9100 Wilshire Boulevard | |
| Suite 445 East Tower | |
| Beverly Hills, CA 90212 | |
| Telephone: 310-275-1844 | |
| Facsimile:  310-275-1801 | |
| Email: shawn@marqueelaw.com | |
|     gary@marqueelaw.com | |

  X     BY E-MAIL
        X    I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

  X     Executed on February 29, 2024, at Los Angeles, California.

  X     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  X     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

SHEILA D. BROWN