Gary Brotman (SBN 287726)
gary@marqueelaw.com
Diego Gallego Gómez (SBN 337395)
diego@marqueelaw.com
MARQUEE LAW GROUP, A Professional Corporation
9100 Wilshire Boulevard, Suite 445 East Tower
Beverly Hills, California 90212
(310) 275-1844 telephone
(310) 275-1801 fax

Attorney for Plaintiff
GEARY SHA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEARY SHA, an individual;<br><br>　　　　　Plaintiff,<br>　vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a Delaware corporation; MENZIES AVIATION (USA), INC., a Delaware Corporation; TRACY AGUILERA, an individual; and DOES 1 through 50, inclusive.<br><br>　　　　　Defendants. | United States District Court<br>Case No.: 3:24-cv-01738-EMC<br><br>San Francisco Superior Court<br>Case No.: CGC-23-606989<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　June 13, 2024<br>Time:　　　1:30 p.m.<br>Judge:　　　Honorable Edward M. Chen<br>Location:　Phillip Burton Federal Building |

**TO ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED** that on June 13, 2024 at 1:30 p.m. or as soon thereafter as this matter can be heard in Courtroom 5 before the Honorable Edward M. Chen of the above-entitled court, located on the 17th Floor of the Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Ave., San Francisco, California 94102, Northern District of California, Plaintiff, Geary Sha ("Plaintiff") will, and hereby does, move this Court for an order remanding this action to the Superior Court of the State of California, County of San Francisco where it was originally filed.

The relief that Plaintiff seeks is as follows:

1) Plaintiff requests, pursuant to 28 U.S.C. § 1447(c), that the Court remand this action to the Superior Court of the State of California, County of San Francisco because the Court does not and/or will no longer have subject matter jurisdiction over this case.

This Motion is based upon this Notice and the following Memorandum of Points and Authorities, the Declaration of Gary S. Brotman and attached exhibits, all papers and pleadings on file in this action, and such other oral and documentary evidence as may be presented at or before any hearing on this matter.

Respectfully submitted,

MARQUEE LAW GROUP, APC

Date: April 19, 2024          /s/ Gary S. Brotman
                              Gary S. Brotman
                              Diego Gallego Gómez
                              Attorneys for Plaintiff Geary Sha

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 6

II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND………………….. 7

III. ARGUMENT FOR REMAND ........................................................................................ 8

   A.  Legal Standard for Remand. ....................................................................................... 8

   B.  Complete Diversity Between the Parties Does Not Exist ............................................ 9

   C.  Plaintiff's Deposition Testimony Did Not Include New Facts or Information, and Thus, It Does Not Constitute an "Other Paper" Justifying Removal .................................. 9

   D.  Defendants' Removal Was Untimely Because Defendants Received a Copy of the Rough Transcript from Plaintiff's Deposition on or about February 8, 2024 ................... 11

   E.  Defendant Aguilera is not a "Sham" Defendant. ....................................................... 13

     i.   Aguilera is a Properly Named Defendant in Plaintiff's Second Cause of Action for Harassment and Hostile Work Environment in Violation of FEHA. ..................................... 14

     ii.  Defendants' Notice of Removal Fails to Establish Under the Proper Standard That Plaintiff Cannot State a Cause of Action Against Aguilera……………………………………15

     iii. Defendants Have Prevented Plaintiff from Deposing Aguilera……………..…………16

     iv.  Aguilera Need Not Have Made the Decision to Terminate Plaintiff in Order to be Liable for Harassment……………………………………………………………………………..17

IV.  CONCLUSION ............................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Ameen v. Merck & Co., Inc.*, 226 F.App'x 363 (5th Cir. 2007) .................................................. 10

*Bell v. Hood*, 327 U.S. 678 (1946)................................................................................................ 16

*Caterpillar Inc. v. Lewis,* 519 U.S. 61 (1996).................................................................................. 9

*David v. C.H. Robinson Int'l, Inc.*
   No. CV-18-3268-FMO, 2018 WL 3213716 (C.D. Cal. Jun. 29, 2018) ......................... 6, 12, 13

*Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir. 1992). .................................................................... 8, 16

*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203 (9th Cir. 2007)............................ 16

*Hunter v. Philip Morris USA,* 582 F.3d 1039 (9th Cir. 2009) ........................................................ 8

*Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55 (1996)...................................................... 14

*Lewis v. City of Benicia*, 224 Cal.App.4th 1519 (2014) ............................................................... 17

*Lewis v. Systems & Services Technology, Inc.*
   No. CV-14-8930-FMO, 2015 WL 13306501 (C.D. Cal. Feb. 27, 2015) ................................ 10

*Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933 (9th Circ. 2006) ...................................................... 8

*Luther v. Countrywide Homes Loans Servicing, LP,* 533 F.3d 1031 (9th Cir. 2008)..................... 8

*McCabe v. General Foods Corp.,* 811 F.2d 1336 (9th Cir. 1987)................................................. 13

*Miller v. Department of Corrections,* 36 Cal.4th 446 (2005) ....................................................... 16

*Morris v. Princess Cruises, Inc.,* 236 F.3d 1061 (9th Cir. 2001) ............................................. 9, 13

*Navarro v. Apartment Management Consultants, LLC*
   No. 24-cv-00856-AMO, 2024 WL 1559290 (N.D. Cal. Apr. 10, 2024) ................................... 9

*Ortiz v. Dameron Hospital Ass'n*, 37 Cal.App.5th 568 (2019) ..................................................... 17

*Page v. Superior Court*, 31 Cal.App.4th 1206 (1995). ................................................................. 14

*Pool v. F. Hoffman-La Roche, Ltd.*, 386 F.Supp.3d 1202 (N.D. Cal. 2019) ................................. 15

*Rangel v. Bridgestone Retail Operations, LLC,* 200 F. Supp. 3d 1024 (C.D. Cal. 2016) ............ 13

*Roby v. McKesson Corp.,* 47 Cal.4th 686 (2009). ........................................................................ 16

*Schaefer v. Kodiak Mfg., Inc.*, No. 11-619, 2011 WL 1656081 (E.D. La. May 2, 2011)............. 10

*Smith v. Vinkov*, No. EDCV-20-01070-CJC, 2020 WL 3790839 (C.D. Cal. Jul. 6, 2020) ...... 9, 10

-4-

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE**
Case No. 3:24-cv-01738-EMC

*SWC Inc. v. Elite Promo Inc.,* 234 F.Supp.3d 1018 (N.D. Cal. 2017) ............................................ 8

*Yanowitz v. l'Oreal USA, Inc.*, 36 Cal.4th 1028 (2006) ........................................................... 16, 17

**Statutes**

28 U.S.C. § 1332 .......................................................................................................................... 9, 13

28 U.S.C. § 1441 ..................................................................................................................... 8, 9, 13

28 U.S.C. § 1446 .......................................................................................................... 6, 9, 10, 11, 12

Ca. Gov. Code § 12925 ..................................................................................................................... 14

Ca. Gov. Code § 12940 ............................................................................................................... 14, 17

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Plaintiff Geary Sha ("Plaintiff") respectfully requests that this case be remanded to San Francisco Superior Court. Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc. (collectively "Menzies") and Menzies' human resources manager, Tracy Aguilera ("Aguilera") removed this case on March 20, 2024, on the basis that Aguilera had been "fraudulently joined" as a defendant and therefore, complete diversity exists. Defendants' removal was improper, and this case should be remanded, for three independent reasons.

First, this case was filed in June 2023, well over 30 days prior to removal. Defendants contend that they only became aware of the basis for removal after receiving the transcript of Plaintiff's deposition, which took place in February 2024. But as will be explained below, Plaintiff's testimony did not contain any new facts or new information that wasn't already included in his Complaint. Thus, Defendants cannot rely on the deposition testimony as an "other paper" from which Defendants "first ascertain[ed] that the case is…removable." 28 U.S.C. 1446(b)(3). Defendants' removal was therefore untimely.

Second, even if Plaintiff's deposition testimony arguably contained new facts or information, Defendants should have removed this case within 30 days of February 8, 2024, when Defendants' counsel received the rough transcript. See *David v. C.H. Robinson Int'l, Inc.*, No. CV-18-3268-FMO, 2018 WL 3213716 (C.D. Cal. Jun. 29, 2018) (holding a rough deposition transcript qualifies as an "other paper" that begins the 30-day clock under Section 1446(b)(3).)

Third, Defendants have failed to demonstrate that there is "no possibility" that Plaintiff can maintain a harassment cause of action against Aguilera.  To the contrary, Plaintiff has alleged (and confirmed at his deposition) that Aguilera engaged in conduct that was not necessary to any personnel decision, including creating a hostile environment upon Plaintiff's return from medical leave by continually pressuring him and threatening him with termination if he did not accept a position inferior to the one he had held prior to his medical leave.

For all of these reasons, which are explained in detail below, Plaintiff respectfully submits that this case should be remanded to the San Francisco Superior Court.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began his employment with Menzies in or around May 2018. (Complaint, ¶ 13.) Plaintiff was Menzies' Operations/General Manager. (*Id.*, ¶ 16.) In or about February 2022, Plaintiff was hospitalized due to having a heart attack and required surgery. (*Id.*, ¶ 19.) Plaintiff suffered complications during the surgery, including having a stroke, which necessitated Plaintiff being transferred to another facility to correct the issues from the first. (*Id.*, ¶ 20.) Plaintiff's surgery required a greater recovery timeline given the complications that arose during the procedures. Plaintiff was prescribed the use of a wheelchair, cane, and physical therapy to regain mobility after his stroke during surgery. (*Id.*, ¶ 21.) As a result, Plaintiff's leave was extended a couple of times until September 2022. (*Id.*, ¶¶ 21, 22.) Miraculously, just before Plaintiff was set to return to work in September 2022, Plaintiff's heart made a recovery and began working without the assistance of his artificial valve. (*Id.*, ¶ 23.) Plaintiff's doctor scheduled another surgery to shut down the artificial valve, which was successful but extended Plaintiff's leave one final time until December 20, 2022 to recover from this surgery. (*Id.*)

However, upon Plaintiff's return on December 20, 2022 Defendants prohibited Plaintiff from returning to his prior position and pressured him to either take a menial position as an entry level fueler or baggage worker or apply for a position in a faraway location. Otherwise, Aguilera told Plaintiff, he would need to accept that he would be terminated and processed as a "voluntary resignation" for "refusing work." Aguilera repeated multiple times the threat to process Plaintiff as a "voluntary resignation" if he refused to accept either of these untenable options, and she placed extreme pressure on Plaintiff by giving him only a few days to make a decision. Aguilera's conduct constituted harassment of Plaintiff and created a hostile work environment upon his return. (Complaint, ¶¶ 24 – 30.) Due to Plaintiff's hospitalization, disability and subsequent extended medical leave, Defendants, including Aguilera, discriminated, harassed, and retaliated against Plaintiff, and ultimately wrongfully terminated Plaintiff's employment. (Complaint, ¶ 30.)

Plaintiff, a California citizen, filed suit on June 9, 2023, in the San Francisco Superior Court (the "Complaint"). Plaintiff's Complaint contains claims including, but not limited to,

1 discrimination based upon Plaintiff's disability, as well as retaliation, harassment, and wrongful
2 termination. *Id.* Plaintiff's Complaint solely contains causes of action under California law, and
3 his employment with Menzies took place in the County of San Francisco.

4     Defendants Menzies and Aguilera answered the Complaint on August 4, 2023.
5 Defendants did not file their notice of removal until March 20, 2024. Defendants based the
6 removal on diversity jurisdiction as Plaintiff is a resident of California and Menzies is a
7 Delaware corporation with its principal place of business in Texas. *See* Notice of Removal, ¶ 12.
8 Defendants further assert that Defendant Aguilera, another California citizen, is a "Sham
9 Defendant." *Id.*, ¶ 11.

10 **III.  ARGUMENT FOR REMAND**

11     **A.  Legal Standard for Remand.**

12     There is a "strong presumption against removal jurisdiction" and "the defendant always
13 has the burden of establishing that removal is proper, and that the court resolves all ambiguity in
14 favor of remand to state court." *SWC Inc. v. Elite Promo Inc.,* 234 F.Supp.3d 1018, 1021 (N.D.
15 Cal. 2017) (citing *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009)). In other
16 words, "removal statues are strictly construed against removal" and "federal jurisdiction must be
17 rejected if there is any doubt as to the right of removal in the first instance". *SWC,* 234 F.Supp.3d
18 at 1021 (quoting *Luther v. Countrywide Homes Loans Servicing, LP,* 533 F.3d 1031, 1034 (9th
19 Cir. 2008); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).

20     The forum defendant rule provides that "[a] civil action otherwise removable solely on
21 the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly
22 joined and served as defendants is a citizen of the State in which such action is brought." 28
23 U.S.C. § 1441 (b)(2); *SWC,* 234 F.Supp.3d at 1021-1022. Therefore, the forum defendant rule
24 "confines removal on the basis of diversity jurisdiction to instances where no defendant is a
25 citizen of the forum state." *SWC,* 234 F.Supp.3d at 1022 (quoting *Lively v. Wild Oats Mkts., Inc.,*
26 456 F.3d 933, 939 (9th Circ. 2006)). The purpose of the forum defendant rule is to "allow[] the
27 plaintiff to regain some control over forum selection by requesting that the case be remanded to
28 state court". *SWC,* 234 F.Supp.3d at 1022 (quoting *Lively*, 456 F.3d at 940).

### B. Complete Diversity Between the Parties Does Not Exist

In order for a federal district court to properly acquire and retain removal jurisdiction based on diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants. 28 U.S.C. § 1332; *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). Defendants may only remove the action to federal court based on diversity jurisdiction if no defendant "is a citizen of the State in which such action is brought". 28 U.S.C. § 1441 (b); *Caterpillar,* 519 U.S. at 68.

In this case, Plaintiff is a California citizen. (Complaint, ¶ 1.) Defendant Aguilera is also a California citizen. (*Id.*, ¶ 4.) As such, complete diversity between each of the plaintiffs and each of the defendants in this case does not exist.

### C. Plaintiff's Deposition Testimony Did Not Include New Facts or Information, and Thus, It Does Not Constitute an "Other Paper" Justifying Removal

Defendants assert that they first discovered this case was removable after receiving Plaintiff's deposition transcript. Defendants argue that Plaintiff's deposition transcript is therefore an "other paper" from which Defendants "first ascertain[ed] that the case is…removable." *See* Notice of Removal, ¶¶ 40-41 (citing 28 U.S.C. 1446(b)(3)).

But in order to rely on an "other paper" to justify removal, Defendants must show that the "other paper" actually contained new facts giving rise to removability. This is reflected in the text of Section 1446(b)(3), which requires that the "other paper" be the thing from which it "may first be ascertained" that the case is removable. Courts have interpreted this section to require a defendant to show "new facts" or "new information" that was only ascertained after the initial 30-day removal period, in order to remove more than 30 days after receiving the complaint.  For example, in *Navarro v. Apartment Management Consultants, LLC*, No. 24-cv-00856-AMO, 2024 WL 1559290 (N.D. Cal. Apr. 10, 2024) Judge Martinez-Olguin of this District recently remanded a case where the defendant removed the case more than 30 days after being served with the complaint and failed to show that any "new facts concerning subject matter jurisdiction" had been discovered since the 30-day period had elapsed. Likewise, in *Smith v. Vinkov*, No. EDCV-20-01070-CJC, 2020 WL 3790839 (C.D. Cal. Jul. 6, 2020), Judge Carney of the Central

District granted a motion to remand where the defendant did not demonstrate new information warranting removal that came to light after the initial 30-day deadline: "Section 1446's removal clock is not reset each time an amended pleading is filed—rather, the reset occurs only if the amended pleading includes new information which allows the defendant to ascertain for the first time that the action is removable" *Smith* at *2 (citing 28 U.S.C. § 1446(b)(3)).

Similarly, in *Lewis v. Systems & Services Technology, Inc.*, No. CV-14-8930-FMO, 2015 WL 13306501 at ** 2-3 (C.D. Cal. Feb. 27, 2015), Judge Olguin of the Central District granted a motion to remand where the defendant failed to show that any "new information" was included in the settlement demand that the defendant had used as its basis for removal under 1446(b). In conformity with this line of authority, and pertinent to the matter at hand, in *Schaefer v. Kodiak Mfg., Inc.*, No. 11-619, 2011 WL 1656081 (E.D. La. May 2, 2011), the district court observed that "[a] plaintiff's deposition testimony may constitute 'other paper' under section 1446(b) *if it gives rise to new facts warranting removal*." *Id*. at *4 (emphasis added) (citing *Ameen v. Merck & Co., Inc.*, 226 F.App'x 363, 368 (5th Cir. 2007)).

Here, Defendants include several excerpts from Plaintiff's deposition, but none of the testimony in those excerpts contains any "new" facts or new information bearing on Plaintiff's harassment claim against Aguilera that was not already alleged in the Complaint. Specifically, the deposition excerpts cited in Defendants' Notice of Removal contain two pieces of testimony relevant to Plaintiff's interactions with Aguilera bearing on Plaintiff's claim of harassment:

- After Aguilera offered Plaintiff two open positions at a much lower pay rate, Plaintiff responded that they paid too little and were several steps down from his prior position. Plaintiff then inquired about management positions at locations other than SFO, and Aguilera responded by drafting Plaintiff a list of what was available, told him there was no guarantee that he would get the job, that there was no relocation fee available, and that he had only a few days to make a decision. (Notice of Removal, Exhibit I, 167:19-168:11).

- Aguilera repeatedly made statements about "voluntary resignation" during her interactions with Plaintiff, which made Plaintiff feel threatened. (*Id.*, 206:25-207:13, 207:17-208:17)

Each of these items was already pled in Plaintiff's Complaint. Specifically, the Complaint alleged that:

- On his way into work after his leave, Plaintiff received a call from Aguilera informing him "that his position had been eliminated during his leave and that he would no longer be General Manager." Aguilera then told Plaintiff that "he could come back to an entry level job as an aircraft fueler or cargo handler. Plaintiff would have to go from a salaried position making over $100,000 per year, to an hourly role making less than $20.00 per hour." Aguilera subsequently "listed four (4) managerial positions…but each position was out of state….Aguilar [sic] gave Plaintiff two (2) days to make a decision and concluded her email by stating 'Failure to respond, I will accept this as your voluntary resignation.'" (Notice of Removal, Exhibit A (Complaint), ¶¶ 24-27.)

- Aguilera repeatedly threatened Plaintiff that if he didn't accept the options presented to him, she would process Plaintiff as a "voluntary resignation." (*Id.*, ¶¶ 25-29.) Aguilera "continually threated Plaintiff with his 'voluntary resignation' despite multiple written statements from Plaintiff that he would not resign." (*Id.*, ¶ 53.)

As demonstrated above, there are no "new facts" or "new information" in Plaintiff's deposition that were not already alleged in Plaintiff's Complaint. As a result, Defendants may not rely on the deposition as an "other paper" justifying removal after the initial 30-day period under 28 U.S.C. § 1446(b)(3).

### D. Defendants' Removal Was Untimely Because Defendants Received a Copy of the Rough Transcript from Plaintiff's Deposition on or about February 8, 2024

Even if Plaintiff's deposition transcript included new facts or information justifying removal, Defendants' removal was still untimely. Specifically, Defendants did not first receive

the deposition transcript when it received the certified copy on February 19, 2024. Rather, Defendants' counsel received a copy of the rough transcript on February 8, 2024 and Plaintiff's counsel received a copy of the rough transcript on February 9, 2024. *See* Brotman Decl., Exh. A (email from court reporting agency providing rough copy of the transcript to Plaintiff's counsel on February 9, 2024.); Brotman Decl., Exh. B (email from court reporting agency stating Defendant's counsel received the rough copy of the transcript on February 8, 2024.) Moreover, there are no substantive differences between the testimony contained in the rough transcript and the excerpts included in Defendants' Notice of Removal. *Compare* Brotman Decl., Exh. C (excerpts from rough transcript) *with* Notice of Removal, Exhibit I (same excerpts from certified transcript).

Defendants have not provided any legal authority that only a <u>certified</u> transcript, and not a rough transcript, can be an "other paper" under Section 1446(b). To the contrary, at least one California federal court has expressly found that a rough transcript is an "other paper" that triggers the second 30-day clock under Section 1446(b) and rejected arguments to the contrary.

In *David v. C.H. Robinson Int'l, Inc.,* Judge Olguin of the Central District rejected the defendant's argument that only a certified copy of the transcript could be considered an "other paper" under 1446(b). The defendant in *David* argued that only a certified copy could be an "other paper" because, under California law, an un-certified transcript may not be used "as the certified transcript of the deposition proceedings" and "may not be cited or used in any way or at any time to rebut or contradict the certified transcript." *David*, 2018 WL 3213716 at *4. Judge Olguin expressly rejected this argument:

> Defendant has not put forth any federal authority suggesting or indicating that the meaning or scope of "other paper" under § 1446, a federal statute, can be defined or limited by a state statute or rule. [Citation.] Nor has defendant cited to any federal authority holding or even suggesting that the "other paper" requirement mandates that a deposition be certified. [Citation.] In any event, the court is persuaded that the term "other paper" set forth in § 1446 includes rough draft deposition transcripts as there is no dispute that in this case it could be reasonably ascertained from the rough transcript that the case was removable.

*David* at *4.

Here, as in *David*, Defendants received a copy of the rough transcript of Plaintiff's deposition on February 8, 2024, which was more than 30 days before they removed this action on March 20, 2024. Thus, Defendants' removal was untimely and this action must be remanded.

### E.  Defendant Aguilera is not a "Sham" Defendant.

Even if Defendants' removal were timely (which it was not), this case would still need to be remanded. Defendants base their removal of this action by claiming that Defendant Aguilera is a "sham defendant" whose "citizenship is of no consequence to the determination of complete diversity" under the doctrine of fraudulent joinder. (Notice of Removal ¶ 25.) Here, Defendants fail to show that Aguilera is a "sham defendant."

"Fraudulent joinder" is a term of art wherein joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris* 236 F.3d at 1067 (quoting *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). "A defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant; rather, the defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." 28 U.S.C. §§ 1332, 1441; *Rangel v. Bridgestone Retail Operations, LLC,* 200 F. Supp. 3d 1024, 1024 (C.D. Cal. 2016). If there is even a possibility that the plaintiff seeking remand could amend his or her pleading to state a cause of action against an allegedly sham defendant, then remand is warranted for lack of diversity jurisdiction. *Id.* at 1034 (holding that remand was warranted where former employee was capable of amending his complaint against manager to allege additional facts to suffice his IIED claim under California law). In other words, "the removing party must show that the plaintiff has failed to state a valid cause of action against that non-diverse defendant, and the 'settled rules of the state' must make the failure evident by clear and convincing evidence." (*Id.* at 1032). Defendants will fail to meet this burden.

Here, Defendants claim that Aguilera is not a proper defendant because "there is no possibility that Plaintiff can establish a cause of action against Aguilera" who is named as a

defendant in Plaintiff's Second Cause of Action for Harassment and Hostile Work Environment in the Complaint. (Notice of Removal, ¶ 25; Complaint, ¶¶ 47-58.) Defendants' argument is unavailing.

    *i.    Aguilera is a Properly Named Defendant in Plaintiff's Second Cause of Action for Harassment and Hostile Work Environment in Violation of FEHA.*

California courts have made it clear that claims against individuals are viable with respect to issues of harassment. *Page v. Superior Court*, 31 Cal.App.4th 1206, 37 Cal.Rptr.2d 529, 533 (1995). Unlawful employment practices can be committed by a "person," a term defined in FEHA to include an "individual." *Id.* at 1211; Ca. Gov. Code §§ 12925(d), 12940(f), 12940(h).

"Harassment" under FEHA is a type of conduct which is "not necessary to a supervisor's job performance, [as opposed to] business or personnel management decisions [which are] inherently necessary to performance of a … job." *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 62-63, (1996). In their Notice of Removal, Defendants attempt to create a bright line test that is unsupported in decisional case law by stating that "any conduct that involves the exercise of personnel management authority delegated by an employer cannot constitute harassment." Notice of Removal ¶ 28 (citing *Janken,* 46 Cal.App.4th at 64). However, this creates a false bright-line test that cannot cover all conceivable fact patterns, like the case at hand. In fact, *Janken* clarified that harassment can occur even in the course of carrying out a personnel decision, if the employee engages in conduct that is not necessary to carrying out the personnel decision:

> Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc. in order to carry out the legitimate objectives of personnel management. Every supervisory employee can insulate himself or herself from claims of harassment by refraining from such conduct.

*Janken*, 46 Cal.App.4th at 64.

Here, Plaintiff alleges that, rather than simply carrying out a personnel decision, Aguilera engaged in additional, unnecessary activity by placing an inordinate amount of pressure on Plaintiff by demanding a decision from him in a mere few days as to whether he would accept a

1 menial position or apply for another position in a faraway location, neither of which were tenable
2 options for Plaintiff, and either of which would have impacted Plaintiff and his family enormously.
3       As Plaintiff testified at his deposition, "Three days [is] not enough to think about, to talk
4 to my family, to make that move. That's a gamble too." *See* Notice of Removal, Exhibit I, 168:9-
5 11. While Defendants contend in their Notice of Removal that Aguilera's pressuring of Plaintiff
6 and exerting unrealistic deadlines on Plaintiff was just a run-of-the-mill personnel decision (*see*
7 Notice of Removal, ¶ 32), Defendants have not provided any evidence for this assertion, and more
8 importantly, they have not produced any evidence of this from the pleadings or from Plaintiff's
9 deposition testimony, such as to demonstrate that Plaintiff could not allege a claim against Aguilera
10 for harassment.
11       Indeed, and as explained below, even if Defendants ultimately prevail on the harassment
12 claim against Aguilera (which Plaintiff believes they will not), the test for whether the state court
13 has *jurisdiction* over this case is different, and more lenient, than the test of whether Plaintiff will
14 ultimately be successful in his harassment claim.
15       ii.  *Defendants' Notice of Removal Fails to Establish Under the Proper Standard That*
16           *Plaintiff Cannot State a Cause of Action Against Aguilera*
17       Defendants' Notice of Removal reads like a summary judgment motion, making several
18 factual and legal arguments spanning 5 pages and 9 paragraphs of text, and self-servingly
19 concluding that "there is no possibility Plaintiff can state a cause of action against Aguilera, such
20 that Aguilera is a sham defendant and the Court must disregard her citizenship for the purposes
21 of this removal." (*See* Notice of Removal ¶¶ 27-35.) But Defendants seem to have conflated the
22 standard for fraudulent joinder with that of a 12(b)(6) motion or a summary judgment motion.
23 Even assuming a claim against a defendant may fail under FRCP 12(b)(6) for failure to state a
24 claim, this does not mean that the defendant was fraudulently joined. *Pool v. F. Hoffman-La*
25 *Roche, Ltd.*, 386 F.Supp.3d 1202, 1210 (N.D. Cal. 2019). "A standard that equates fraudulent
26 joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits.
27 Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the
28 district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial

-15-
**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE**
Case No. 3:24-cv-01738-EMC

1 and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question
2 jurisdiction." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83. (1946)). The stringency of this
3 standard is in alignment with the presumption against removal under which the Court "strictly
4 construes the removal statute" and rejects federal jurisdiction if "there is any doubt as to the right
5 of removal in the first instance." *Gaus* 980 F.2d at 566. Lastly, fraudulent joinder must be proven
6 by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203,
7 1206 (9th Cir. 2007).

8     Defendants claim that Aguilera's actions constitute nothing more than ordinary personnel
9 management decisions, not harassing conduct. (Notice of Removal, ¶ 31.) However, as noted
10 above, "harassment" can include a wide variety of actions that are "abusive messages that create
11 a hostile working environment" even if they stem from, or even "take the form of," official
12 employment actions. *Roby v. McKesson Corp.,* 47 Cal.4th 686, 707-708, (2009) (citing *Miller v.*
13 *Department of Corrections,* 36 Cal.4th 446, 115 P.3d 77 (2005)). Here, as noted, Plaintiff alleges
14 that Aguilera's actions constituted harassment and created a hostile work environment, and were
15 beyond just carrying out mundane personnel decisions.

16     California courts have also held that actions that threaten to derail an employee's career
17 are objectively adverse and an implied threat of termination places an employee's career in
18 jeopardy, and goes beyond "commonplace indignities typical of the workplace." *Yanowitz v.*
19 *l'Oreal USA, Inc.*, 36 Cal.4th 1028, 1060 (2006). Here, as in *Roby* and *Yanowitz*, Plaintiff alleges
20 that Aguilera engaged in conduct that goes beyond simply carrying out a mundane personnel
21 decision, by placing undue pressure on Plaintiff to choose between untenable courses of action,
22 giving him an unrealistically short timeline in which to do so, and repeatedly threatening
23 Plaintiff's termination (misconstruing his failure to comply as "voluntary resignation") if he
24 failed to comply. Hence, there remains the stark possibility that Plaintiff can assert, has already
25 asserted, and could possibly prevail on his harassment claim against Aguilera.

26     *iii.    Defendants Have Prevented Plaintiff from Deposing Aguilera*
27     Defendants have also impeded Plaintiff's ability to depose anyone at Menzies. *See*
28 Brotman Decl., Exhibit D (emails demonstrating Plaintiff's requests for dates to depose

-16-

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE**
Case No. 3:24-cv-01738-EMC

Defendants and Defendants' responses stating that they will not provide names of deponents nor dates of availability until after Defendants are able to have a second day of deposition with Plaintiff). This creates a factual dispute that cannot be resolved in a summary manner. *Yanowitz* 36 Cal.4th at 1060. Thus, to the extent Defendants allege that everything Aguilera did was simply carrying out a routine personnel decision that cannot constitute harassment, the evidence on that issue is still incomplete, such that removal at this juncture is inappropriate, as Defendants cannot show at this point that there is "no possibility" that Plaintiff will be able to state a cause of action against Aguilera.

> iv. *Aguilera Need Not Have Made the Decision to Terminate Plaintiff in Order to be Liable for Harassment*

Defendants seem to imply that because Aguilera allegedly did not make the decision to terminate Plaintiff, she cannot be held liable for harassment. (Notice of Removal, ¶ 30.) But Defendants cite no authority for this proposition, nor does this argument make sense in light of the distinction between discrimination and harassment described above. Harassment is defined as actions that are <u>not</u> necessary to carry out personnel or management decisions; it would therefore defy logic to tether a finding of harassment to the authority to make a personnel decision to terminate the plaintiff.

Indeed, Cal. Government Code § 12940(j)(1) specifies that harassment can be committed by any employee or even non-employees, and that "[l]oss of tangible job benefits shall not be necessary in order to establish harassment." That same section, in subdivision (j)(3), specifies that "[a]n employee…is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer…knows or should have known of the conduct…"; *see also Lewis v. City of Benicia*, 224 Cal.App.4th 1519, 1524 (2014) ("Under FEHA, an employee who harasses another employee may be held personally liable.") (citing Cal. Government Code § 12940(j)(3)); *Ortiz v. Dameron Hospital Ass'n*, 37 Cal.App.5th 568, 581 (2019) ("To establish a prima facie case of a hostile work environment, Ortiz must show that (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment unreasonably interfered with

-17-

her work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment.").

Clearly, then, an employee may be held liable for harassment completely independent of any official act of the employer such as termination or other personnel decision. Whether or not Aguilera made the decision to terminate Plaintiff, or had the authority to make the decision, is irrelevant to Plaintiff's ability to establish this cause of action.

As such, Aguilera is properly joined as a defendant in this case, and Aguilera's California citizenship defeats complete diversity.

## IV.   CONCLUSION

As explained herein, this case must be remanded for multiple reasons. Defendants' removal was untimely because Plaintiff's deposition transcript does not constitute an "other paper" containing new facts or information, and therefore Defendants may not rely on the deposition as a basis for removing the case well beyond 30 days after being served with the Complaint. Defendants' removal is further untimely because, even assuming that the deposition transcript constitutes an "other paper," Defendants received a rough transcript on February 8, 2024, and removed this case more than 30 days later on March 20, 2024.  Finally, Defendants have failed to demonstrate that Ms. Aguilera is a "sham defendant" and therefore, complete diversity does not exist in this case.

For the foregoing reasons, Plaintiff respectfully submits that the Court grant his motion to remand, and to issue an order remanding this action to the San Francisco Superior Court.

Respectfully Submitted,

MARQUEE LAW GROUP, APC

Date: April 19, 2024     　　　　　　 _/s/ Gary S. Brotman_____
　　　　　　　　　　　　　　　　　　 Gary S. Brotman
　　　　　　　　　　　　　　　　　　 Deigo Gallego Gómez
　　　　　　　　　　　　　　　　　　 Attorneys for Plaintiff Geary Sha