# OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

# Northern District of California

# CIVIL MINUTES

**Date:** June 13, 2024　　　　**Time:** 1:53-2:23　　　　**Judge:** EDWARD M. CHEN
　　　　　　　　　　　　　　　　　　30 Minutes

**Case No.:** 24-cv-01738-EMC　　**Case Name:** Sha v. Aircraft Service International, Inc.

**Attorney for Plaintiff:** Gary Brotman
**Attorney for Defendant:** Kevin Jackson

**Deputy Clerk:** Vicky Ayala　　　　　　　　**Court Reporter:** Kendra Steppler

## PROCEEDINGS HELD VIA ZOOM WEBINAR

Motion to Remand - held (In-Person)

### SUMMARY

Parties stated appearances. Oral argument presented.

For the reasons stated on the record, the Court grants Mr. Sha's motion to remand. The harassment claim as pled in the complaint was not viable: the factual allegations established at most discrimination. The face of the complaint showed that Ms. Aguilera engaged in only personnel management actions, not harassment, ASI should have removed within 30 days after it received a copy of the complaint. ASI did not do so.

ASI argues that the factual basis for the harassment claim was ambiguous as pled in the complaint. The Court does not agree. The complaint provides detailed information about the interactions between Mr. Sha and Ms. Aguilera during the critical period from December 20, 2022, when Mr. Sha returned to work, and January 3, 2023, when he was terminated. There is no pattern of harassment, certainly not one that existed prior to Mr. Sha's return for any significant period of time – the typical hallmark of a harassment claim. The subject matter of the communications was singularly focused on the terms of his return from extended medical leave, a personnel decision well within the authority of Ms. Aguilera. *See Reno v. Baird*, 18 Cal. 4th 640, 646-47 (1998) (stating that harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management"). There was no allegation or inference of a hostile message conveyed by Ms. Aguilera beyond the specific

subject matter of employment opportunities available to Mr. Sha upon his return.  *See Roby v. McKesson*, 47 Cal. 4th 686, 706 (2009) (stating that "harassment focuses on situations in which the social environment of the workplace becomes intolerable because the harassment . . . communicates an offensive message to the harassed employee").

Even if there were some ambiguity about the allegations in the complaint (which the Court concludes there is not), Mr. Sha's deposition confirmed the factual basis of his "harassment" claim was wholly consistent with and confined to the allegations in his complaint.  This further demonstrated there was no basis for a harassment claim rather than an employment discrimination claim.  Yet, ASI did not remove within 30 days after receiving a copy of the confirmatory transcript.   Even though that transcript had yet to be finalized and certified, it had evidentiary value even if it were subject to amendment by the deponent; any edits by the deponent would have been potentially admissible in appropriate circumstances as impeachment.  The deposition transcript in this circumstances of this case constitutes "other documents" within the meaning of 28 U.S.C. § 1446(b)(3) (providing that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

Accordingly, ASI's removal was not timely.  The action is therefore remanded back to state court.